In re MARRIAGE OF James Herschel and Jo Ann Madorin BURRIS.

James Herschel BURRIS, Petitioner-Appellant,

v.

Jo Ann Madorin BURRIS, Respondent.

No. KCD 28533.

Missouri Court of Appeals, Kansas City District.

Oct. 31, 1977.

Collins & Grimm, Macon, for petitioner-appellant.

Wasinger & Parham, Hannibal, for respondent.

Before PRITCHARD, P. J., and SWOFFORD, C. J., and DIXON, J.

DIXON, Judge.

The husband appeals from the monetary provisions of a dissolution decree entered on his petition in the Circuit Court of Macon County. The complaint of error relates only to the division of marital property, the maintenance award, and the award for "back support money."

■ Before a statement of the factual background in this case, it will be well to posit the scope of review. The husband suggests that the standard of review is determined by *Singleton v. Singleton*, 525 S.W.2d 642 (Mo.App.1975). *Singleton* was decided in 1975, as the reported opinion discloses. Unfortunately, the opinion does not specifically note that the notice of appeal was filed in 1972, which indicates the trial court decided the issue in 1972. Under the provisions of Section 452.415(4) RSMo 1969, those facts make the prior divorce law applicable to that case. In any event, this court had adhered to the view that the review of dissolution proceedings is governed by Rule 73.01(3) as explicated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ Since a portion of the trial court's order must be reversed rather than affirmed, this case may not be disposed of under Rule 84.16. Two of the three points raised, however, relate solely to the trial court's fact finding role and may be summarily disposed of under Rule 73.01.

■ The husband claims the division of marital property is unjust, asserting that the wife received 88% of the marital property. The percentage received is a matter of dispute depending upon the estimates of value attributed to the various items of property. In any event, the trial court made express findings of value and a specific division of the property. The trial court listed the relevant factors to consider in a division of the marital property and set off to the wife as her share of the marital property the family home, the household goods, a car, and a life insurance policy with a cash value of $500. The court found the husband had separate property valued at approximately $40,000. The court found that the husband had been guilty of misconduct, which was the contributing factor to the irretrievable breakdown of the marriage. Considering, as the trial court did, that the relevant factors in the division of marital property, the contribution of each spouse, conduct during marriage, the value of the separate property of each, and the economic circumstances of both parties, there is substantial evidence to support the trial court's division of the marital property. Weighing that evidence, this court does not have a firm belief that the division made by the trial court was wrong.

■ The same may be said with respect to the allowance of $20 a month maintenance to the wife. The court found her need to be $548 per month and her income $528. There is substantial evidence to support those findings. The husband earns about $13,000 per year, and the income from his separate property will augment that figure. He can obviously pay the modest support payment.

■ The husband also complains of the trial court's order directing that the hus-

band pay the wife $1,100 back support. The husband claims the court was without authority to retroactively impose an order for maintenance pending the divorce. Arguing that Section 452.315(1) RSMo 1969 was not complied with, he urges that the trial court order as to "back support" be reversed. The issue of the trial court's power to enter an order of temporary maintenance at the time of final decree need not be reached or decided. The wife plainly did not comply with the requirement of Section 452.315(1), that a motion be filed which "shall be accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested." The obvious purpose of the statute is to permit the other party to properly present a defense to the claim for temporary maintenance. The tri-al court erred in entering the order for temporary maintenance.

The cause is reversed with directions to amend the decree as to the $1,100 back support. As amended, the decree is affirmed.

All concur.