**Clifton LONGBOTTOM and Bobbie Longbottom, his wife, Plaintiffs-Appellants,**

**v.**

**John Wesley RAINS and Vela Rains, his wife, and J. D. Rains and Wilma Rains, his wife, Defendants-Respondents.**

**No. 12453.**

Missouri Court of Appeals, Southern District, Division Three.

April 19, 1982.

---

4. *But see Tennis v. General Motors Corp.*, 625 S.W.2d 218, 230-31 (Mo.App.1981) (discusses recent jury awards that withstood attack for excessiveness, including a $600,000 verdict from a Missouri court and out-of-state awards for $1,102,000 and $1,747,000).

David W. Keathley, Poplar Bluff, for plaintiffs-appellants.

Clinton D. Summers, Summers, Cope & Walsh, P. C., Poplar Bluff, for defendants-respondents.

BILLINGS, Presiding Judge.

Plaintiffs appeal from the judgment of the Circuit Court of Butler County awarding defendants title to a tract of land described as:

"All that part of the Southwest Quarter of the Southeast Quarter lying West and South of U. S. Highway 60, and lying South and West of the fence, all in Section 34, Township 26 North, Range 4 East, in Butler County, Missouri."

Our review of this court-tried suit is governed by Rule 73.01, V.A.M.R. as interpreted by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). But for the reversal of that part of the decree containing the land description, this case would properly be disposed of by memorandum opinion pursuant to Rule 84.16(b), V.A.M.R. *In re Marriage of Burris*, 557 S.W.2d 917 (Mo.App.1977).

The evidence reveals the following, consistent with the result reached. Rule 73.-01(a)(3), V.A.M.R. The above tract is located between lands owned by plaintiffs and defendants Wilma and J. D. Rains. These defendants purchased their property from Wes Rains, J. D. Rains' father, in 1977. Plaintiffs initiated a quiet title suit relying on record title to the tract. Defendants' property lies south of plaintiffs and their claim to the tract, bounded to the north by a wire fence, is based on adverse possession. Carlios Box, a predecessor in title to defendants, built a fence in the same location as the present fence in the late 1930's. This fence was still there when Wes Rains bought this property in 1948. J. D. Rains did not live on his parents' farm but went "back and forth" to the farm from his home in Poplar Bluff and did not recall the fence being torn down until 1977. The land was farmed, used as pasture for cattle and hogs and rented out as pasture since Wes Rains bought his property in 1948. Each time the fence was torn down, twice from 1977 to 1979, J. D. Rains rebuilt it.

Three of plaintiffs' four points question the sufficiency of the evidence. Given the standard of review of *Murphy v. Carron*, supra, we cannot say there is no substantial evidence to support the judgment, nor do we hold a firm belief that the judgment is wrong.

Plaintiffs' remaining point claims that the land description contained in defendants' answer and counterclaim is insufficient, thereby resulting in a void judgment. The ejectment cases cited by plaintiffs do stand for the proposition that an

insufficient description does result in a fatally defective petition. However, the alleged infirmity in the present description is the reference to the fence, which is a sufficient description in ejectment. *Brummell v. Harris*, 148 Mo. 430, 50 S.W. 93 (1899).

■ While the description in the counterclaim would be sufficient even in ejectment, this same description is not sufficient as part of a judgment. "It is universally held that judgments should describe with reasonable certainty the land adjudicated therein, both in ejectment and actions to determine title. If there is any difference, it seems the land description should be more definite in the latter, since we are coming to regard ejectment as a possessory action only." (footnotes and citations omitted). *Tillman v. Hutcherson*, 348 Mo. 473, 154 S.W.2d 104, 110 (1941). That portion of the judgment containing the land description must be reversed and remanded for further evidence on that question, including a survey. *Tripp v. Harryman*, 613 S.W.2d 943 (Mo.App.1981) and cases cited therein.

The judgment is therefore affirmed in part, reversed in part and remanded with directions.

MAUS, C. J., and TITUS and FLANIGAN, JJ., concur.