**Louie L. MELLON, Appellant,**

v.

**Becky Sue MELLON, Respondent.**

**No. WD 54435.**

Missouri Court of Appeals, Western District.

Submitted April 22, 1998

Decided Aug. 18, 1998.

Robert G. Harrison, Liberty, for appellant.

Theodore C. Beckett, II, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and SMART and LAURA DENVIR STITH, JJ.

PER CURIAM.

The marriage of Louie L. Mellon ("Husband") and Becky Sue Mellon ("Wife") was dissolved on January 30, 1997. Husband challenges the trial court's valuation of his share of the marital real property. Because we conclude that the court's division of property was not an abuse of discretion, we affirm.

**Background**

Louie L. Mellon and Becky Sue Mellon were married on August 7, 1988. Wife's mother gave her ten acres of land in 1975. Wife built a home on the property. At the time of the parties' marriage, the property had an indebtedness of approximately $21,000.00. After the marriage, Wife agreed to place Husband's name on the deed to the property. In exchange, Husband was to place money he received from the sale of his house, $25,497.00, in certificates of deposit in both of their names. Husband did not put the money in certificates of deposit in his and Wife's name. Instead, he placed the money in a checking account. Some of the money, approximately $10,000 or $11,000, was used to remodel the home. Husband put the remainder of the money in certificates of deposits in his name and in the name of his son from a prior marriage. Various improvements were made to the property during the marriage, including the erection of an outbuilding at a cost of approximately $23,000.00. Both Husband and Wife contributed labor to improving the property. At the time of the dissolution, the property was valued at $97,000.00, with an indebtedness of approximately $21,000.00. The Court found that, during the marriage, the property increased in value approximately $10,000.00. Among their other assets, the parties had a 109 acre farm in which they had an equity of approximately $24,000.00. This farm was also determined to be marital property. They also had 41 head of cattle worth $13,500.00.

Husband was employed by Kansas City Power & Light. His annual salary was approximately $52,000.00. In addition, he had an annual income from crop sales of about $2,000.00. The sale of cattle also generally resulted in additional income. Wife was em-

ployed by Kansas City Cold Storage. Her annual income was approximately $25,000.00.

There was evidence that Wife sought and received an Adult Abuse Order of Protection against Husband. Husband began to abuse alcohol and, on one occasion, struck Wife after he had been drinking. Husband also became suspicious of Wife and began following her. Just prior to filing for dissolution, Husband cleaned out the parties' joint checking account which contained $2,200.00.

The trial court divided the marital property, including the marital residence. It found:

> The marital residence including ten acres having a fair market value of Ninety–Seven Thousand Dollars ($97,000.00) with an indebtedness thereon in the approximate value of Twenty Thousand One Hundred Twenty–Nine Dollars ($20,-129.00). The residence was built by the Respondent on property that was gifted to her and was placed in joint names in 1988 with the Petitioner. The Respondent and Petitioner performed various repairs and improvements on the property including an outbuilding "shop" with a cost of approximately Twenty–Two Thousand Six Hundred Forty–Three Dollars ($22,643.00) and that during the marriage the realty increased in value approximately Ten Thousand Dollars ($10,000.00) and approximately Five Thousand Dollars ($5,000.00) in repair and improvements were made to the property during the marriage. The Court finds the Petitioner's marital interest in the residence and ten acres to be Eleven Thousand Dollars ($11,000.00).

The trial court divided the rest of the marital property and ordered that Husband pay Wife $43,000.00 because of the discrepancy in the division of the marital property. Husband appeals.

## Standard of Review

Review of this court-tried case is performed under the standard established by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the judgment of the trial court will be upheld unless it is against the weight of the evidence, it is not supported by substantial evidence, or it erroneously declares or applies the law. *Id.* Hus-

band, as the party challenging the dissolution decree, has the burden of demonstrating error. *Crews v. Crews,* 949 S.W.2d 659, 663 (Mo.App.1997). The trial court may accept or reject all, part or none of a witness' testimony and the credibility of the witnesses is a matter within its sound discretion. *Id.* at 665.

## Division of Marital Property

In his sole point, Husband contends that the trial court erred in determining that he has a marital interest in the parties' marital real estate in the amount of $11,000.00. He argues that the property in question was jointly titled after the parties' marriage and that his marital and nonmarital funds were used to improve the property. Husband believes his share in the marital residence should have been assigned a greater value. Although the trial court, in its judgment, characterizes the property in question as marital property, Husband contends that the trial court treated the property as if it were separate property in which he had a marital interest. He relies upon *Cuda v. Cuda,* 906 S.W.2d 757, 759 (Mo.App.1995) for the proposition that "[w]here the parties continually commingle marital assets and earnings, and treat property as communal, separate property may be transmuted into marital property."

The trial court found that the property in question was marital property. The assumption implicit in Husband's argument is that because the property is marital property it must be equally apportioned between the parties. Section 452.330, RSMo 1994, the statute that governs the division of property in dissolution cases, does not require an equal distribution. Instead, that section provides that "the court shall set apart to each spouse his nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors...." § 452.330.1, RSMo 1994. There are five factors listed in § 452.330 that the court is directed to include in its consideration: (1) the economic circumstances of each spouse; (2) the contribution of each spouse to the procurement of the marital property; (3) the set-off of nonmari-

tal property; (4) the parties' conduct during the marriage; and (5) the custodial arrangements for minor children. No rigid formula exists that sets forth the weight to be given each factor. *Monsees v. Monsees,* 908 S.W.2d 812, 815 (Mo.App.1995).

The trial court is endowed with great flexibility in its division of marital property. *Woolridge v. Woolridge,* 915 S.W.2d 372, 376 (Mo.App.1996). The division of property need not be equal, but it must be fair and equitable given the circumstances of the case. *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo. banc 1984). An appellate court will interfere only where the division is so unduly favorable to one party that it constitutes an abuse of discretion. *Id.* We presume that the trial court's division is correct, and the party challenging it bears the burden of overcoming that presumption. *Knapp v. Knapp,* 874 S.W.2d 520, 524 (Mo.App.1994). We also presume that the trial court considered all of the relevant evidence in making its division of the marital property. *Monsees,* 908 S.W.2d at 815. The fact that one party is awarded a higher percentage of marital assets does not *per se* constitute an abuse of the trial court's discretion. *Gremaud v. Gremaud,* 860 S.W.2d 354, 356 (Mo.App. 1993).

A spouse's separate property is transmuted into marital property by the spouse's action in placing it in joint names. *Woolridge,* 915 S.W.2d at 376. Transmutation of separate property into marital property does not stop the trial court from considering the premarital contributions of each spouse. Although transmutation determines the character of the property (whether it is marital or separate), it does not determine the division of the property (how much should be apportioned to each spouse). *Id.* at 377.

In this case, the court did consider Husband's contributions to the property. The court found that the property was marital property. Having so found, the court was not obligated to value Husband's share in the property exactly the same as Wife's share. The record supports the trial court's valuation. The court's division of the property takes into consideration Wife's nonmarital contribution to the property. Wife owned the property for over a decade prior to the marriage. Prior to the marriage, she built a home on the property. The property increased in value only $10,000.00 during the marriage. If the court had elected to give Husband only half of the increase in value during the marriage, the court would have allowed Husband only $5,000.00 rather than $11,000.00. Not all of the money spent for improvements translated into increased value. It is true that the evidence suggests that Husband may have contributed more toward the $10,000.00 increase in value than Wife did. The court took Husband's contributions into account, and that, of course, is part of the reason the court allowed Husband an interest of $11,000.00 in the property.

There are also other factors that the court could have considered pursuant to § 452.330. For example, the trial court is directed to look to the economic circumstances of the parties. In this case, Husband's income is double Wife's income. The court can also examine the conduct of the parties during the marriage. There was evidence that Husband drank excessively and was abusive to Wife. Prior to filing for dissolution, Husband also cleaned out a joint checking account owned by the parties. Under all the circumstances, we are not persuaded that there was any abuse of discretion.

### Conclusion

We cannot say that the trial court abused its discretion by dividing the marital property as it did. Substantial evidence supports the trial court's determination that Husband's share of the marital property could properly be valued at $11,000.00. The judgment is affirmed.