**Steven D. ROBERTSON, Appellant,**

v.

**Jewel B. ROBERTSON, Respondent.**

No. 22725.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 16, 1999.

Curtis G. Hanrahan, Jefferson City, for appellant.

No appearance for respondent.

JOHN E. PARRISH, Judge.

This is an appeal of the property distribution portion of a dissolution of marriage judgment. This court's review is undertaken pursuant to Rule 73.01(c). The judgment will be affirmed unless there is no substantial evidence to support it or it is against the weight of the evidence or erroneously declares or applies the law. *Nelson v. Nelson*, 937 S.W.2d 753, 754 (Mo.App.1997). Evidence is viewed in the light most favorable to the judgment. *Id.*

Steven D. Robertson (husband) and Jewel B. Robertson (wife) were married June 16, 1984. Judgment was entered August 14, 1998, dissolving the marriage. Nonmarital property was set aside to the respective parties. Marital property was divided. Husband received items of personal property valued at $13,100. Wife was awarded items of personal property valued at $10,850. Wife also received a portion of husband's retirement benefits from the military and the Missouri State Employees Retirement System. Wife was awarded a tract of real estate consisting of approximately 94 acres that included the marital residence.

The parties had one marital debt owed to the Bank of Crocker. It was secured by the real estate awarded wife. She was ordered to pay the debt.

■ Husband presents one point on appeal. He contends "[t]he trial court erred in awarding all of the real property ... to [wife] ... in that the real property was a transmutation and commingling of previously held separate property and marital property and the trial court's award of all real property to [wife] made the resulting division of all of the marital property unfair, inequitable and unconscionable."

In order to address husband's complaint, it is appropriate to review events that led to acquisition of the real estate. Before the parties married, wife owned real estate on which she had a house constructed. She paid $8,500 for the land. She used $45,000 of her funds and $20,000 of borrowed funds to construct the house. The parties resided there after the marriage.

In January 1985, the house was destroyed by fire. The parties received an insurance settlement of approximately $112,000.[1] Wife sold the land where the house had been. The sale proceeds were used to pay the balance owed on that property. The property that is the subject of this appeal was acquired for $75,000. Proceeds from the fire loss were applied to the purchase price of the land and improvements on the land. Wife explained, "$35,000 was put on a down payment to buy the property.... The rest of the money was spent for improvements that was made to that property." Part of the purchase price and improvements to the property were financed by a loan from Bank of Crocker. The loan was secured by a deed of trust on the property. At the time of trial its payoff was $44,661.63.

The real estate in question was acquired subsequent to the marriage. It was marital property. § 452.330.2.[2] The trial court was required to divide the marital property in such proportions as it deemed just after considering all relevant factors. § 452.330.1.

■ The division of marital property must be just but not necessarily equal. *Nelson*, 937 S.W.2d at 757. A division of marital property will be reversed only if the division is so unduly weighted in favor of one spouse as to amount to an abuse of discretion. *In re Marriage of Box*, 968 S.W.2d 161, 169 (Mo.App.1998). "The fact that one party is awarded a higher percentage of marital assets does not per se

---

1. The trial court found that the settlement represented "an amount of approximately $3,000.00 for temporary living quarters, $75,000.00 for loss to said home and $35,000.00 for loss of personal property, with nearly all of said destroyed personal property belonging to [wife]."

2. References to statutes are to RSMo Cum. Supp.1997.

constitute an abuse of the trial court's discretion." *Mellon v. Mellon,* 973 S.W.2d 570, 573 (Mo.App.1998).

■ Among the factors a trial court is to consider in awarding marital property is the contribution of each spouse to the acquisition of the marital property. *See* § 452.330.1(2). Before the parties married, wife owned a home. It became their marital home and remained the marital home until it was destroyed by fire. The insurance proceeds from the fire loss were used to purchase and improve the real estate that is the subject of this appeal. There was sufficient evidence for the trial court to have concluded that the funds used to purchase and improve the real estate were derived from wife's assets; that husband made no significant contribution. In distributing marital property a trial court may consider a spouse's use of nonmarital assets to acquire that property. *Mellon v. Mellon, supra.* This court finds no abuse of discretion in the trial court's award of the real estate to wife. The judgment is affirmed.

CROW, P.J., and SHRUM, J., concur.