Dale Alan KUNKEL, Respondent,

v.

Jeanette Thomas KUNKEL, Appellant.

No. 24608.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 25, 2002.

Eric M. Landoll, McCaffree, Landoll & Slaby, Nevada, MO, for appellant.

W. Henry Johnson, Sims, Johnson, Wood & Farber, Neosho, MO, for respondent.

JOHN E. PARRISH, Judge.

Jeanette Thomas Kunkel (wife) appeals the marital property distribution and denial of maintenance parts of a dissolution of marriage judgment. This court reverses the marital property award and remands with directions. The trial court may further review its order denying maintenance in the event it deems such action appropriate. In all other respects the judgment is affirmed.

· Dale Alan Kunkel (husband) and wife married in 1978. Both were recent college graduates. Husband had a Bachelor of Science degree in pharmacy from the University of Texas. Wife had a degree in physical therapy from the University of Missouri. At the time of their marriage, husband was employed as a staff pharmacist at a Houston, Texas, hospital. Before the marriage, wife worked at a hospital in Corpus Christi as a registered physical therapist. She transferred to a Houston hospital after the marriage where she continued working as a physical therapist.

Husband entered dental school in 1980. Wife worked full-time the first three years husband attended dental school until the parties' first child was born in September 1983. She returned to work part-time the following January.

Husband had accumulated comp time and vacation time prior to starting dental school. He continued receiving his salary for his work as a pharmacist through November of his first year in dental school. After the first year, husband worked as a pharmacist full-time during the summers and evenings and worked weekends during the school years. Husband received a $20,000 inheritance to apply to the cost of dental school. He also obtained loans of $15,000 over a three-year period. After completing dental school, husband and wife moved to Neosho, Missouri, where husband began a dental practice. Until his practice grew sufficiently to support his family, husband worked one day a week and alternate Saturdays at a discount pharmacy. Wife worked as a physical therapist at a Joplin, Missouri, hospital.

Throughout the following years, wife worked as a physical therapist at two different Joplin hospitals, at various nursing homes "as a contract person for different rehab companies," as director of physical therapy at a hospital in Carthage, Missouri, and as clinical coordinator for the Physical Therapy Assistance School at NEO–A&M in Miami, Oklahoma. She was last employed as a physical therapist in the fall of 1998. She earned $30 to $45 an hour near the end of the time she worked as a physical therapist.

In March 1999, wife began working part-time for the Neosho School District in its high school office. In November 1999,

she was employed by the school district as a para-professional, a teacher's aide in special education. Her gross annual salary was $8,263.71.

In 1998 wife consulted an attorney about marital problems. After consulting the attorney, she contacted a counselor. The parties attended counseling in late 1998. Husband filed this action in October 1999.

This case was tried November 30 and December 1, 2000. The trial court took the case under advisement and rendered judgment dissolving the marriage on October 12, 2001. The parties were awarded joint custody of their two children. The trial court completed its own Form 14 to ascertain presumed child support, after which it concluded it would be unjust and inappropriate to follow applicable child support guidelines. Husband was ordered to pay wife child support in the amount of $1,737 per month from December 2000 through October 2001, after which husband was ordered to pay wife $1,437 per month. The trial court denied wife's request for maintenance finding that "both parties have sufficient property including marital property proportioned to them to provide for their reasonable needs, or each party is otherwise able to support themselves through appropriate employment."

The trial court awarded husband marital property valued at $1,005,125.34. Husband was ordered to pay marital debts that totaled $443,118.10,[1] resulting in a net marital property award of $562,007.24. Husband's award included custodial accounts for the two children in the amounts of $26,024 and $32,008.

Wife was awarded marital property valued at $522,460.96. She was ordered to pay marital debts that totaled $8,207.75 for a net award of $514,253.21. Wife's award included a custodial account for one of the children in the amount of $11,363.23.

If the value of the custodial accounts awarded is deducted from the value of the net marital property as calculated above, husband received $503,975.24 ($562,007.24 less $26,024 less $32,008), or 50.1 percent of the net marital property after that deduction. Wife received $502,889.98 ($514,253.21 less $11,363.23), or 49.9 percent of the net marital property after that deduction—virtually a 50/50 split.

Wife asserts, however, that because the trial court considered the dental practice debts of $98,524.74 in ascertaining the "net value of dental practice," that amount should not be included in husband's debts for purposes of calculating the net marital property awarded husband. For purposes of ascertaining the net award to husband (and the total net marital property distributed), wife assigned no value to the dental practice debts.[2] Calculations of net marital property awarded based on the values used by wife would result in husband receiving net marital property valued at $660,531.98 (the $562,007.24 stated above plus the amount of the debt used to reduce the valuation of the dental practice, $98,524.74). Based on those calculations husband received 54.5 percent of the net marital property and wife 45.5 percent.

 Wife's first point on appeal asserts the trial court erred in its award of

1. Debts allocated to husband included $98,524.74 attributable to his dental practice. The trial court noted in its judgment with respect to those debts, "[V]aluation included by Court in calculation of net value of dental practice."

2. The dental practice debts totaling $98,524.74 that the judgment states were included in the net valuation of the dental practice were $33,924.74 owed Neosho Savings & Loan "secured by office equipment"; $49,600 owed on an "MBNA America Platinum Plus" account; and $15,000 described as "Sky Financial Solutions."

marital property.[3] Wife argues that factors § 452.330[4] requires to be considered in awarding marital property dictate, under the facts in this case, that she receive at least 50 percent of the parties' net marital property. She contends she received significantly less than 50 percent of the net marital property; that a cash award of $50,000 would be appropriate to equalize the distribution of marital assets.

In considering an allegation of trial court error with respect to division of marital property, the trial court's distribution of property will not be reversed unless the distribution is so unduly weighted in favor of one spouse that there was an abuse of discretion. *Robertson v. Robertson*, 3 S.W.3d 383, 384 (Mo.App.1999). "The fact that one party is awarded a higher percentage of marital assets does not *per se* constitute an abuse of the trial court's discretion." *Mellon v. Mellon*, 973 S.W.2d 570, 573 (Mo.App.1998). The division of marital property must be just although not necessarily equal. *Robertson, supra.*

The value of net marital property awarded each party must be calculated for purposes of considering whether Point I has merit. For wife's allegation of error to be credible, the value of net marital assets she was awarded must be disparate from the value of net marital assets awarded husband. According to the values on which wife bases her argument, husband received 54.5 percent of the net marital assets compared to 45.5 percent she received. The disparity in the calculations is

attributable to the $98,524.74 debts set forth in n. 1, *supra.* Wife would not include those debts with other debts deducted from the valuation the trial court placed on the marital assets awarded husband. Wife apparently believes the trial court decreased the value of the dental practice by this amount in placing its value at $180,000; that to deduct those debts from the total value the trial court placed on the marital assets awarded husband would result in deducting the debts twice. The only basis this court finds for that assertion is the notation referenced in n. 1, *supra,* that "valuation [of the three debts in question] included by Court in calculation of net value of dental practice."

The difficulty in considering wife's allegation of error is that the trial court did not explain the meaning of "included by Court in calculation of net value of dental practice" in the judgment or elsewhere. Based on the record on appeal, this court cannot determine if the trial court intended to effect a virtual 50/50 split or a 54.5/45.5 split. If a 50/50 split were intended, did the trial court erroneously deduct the $98,524.74 debts twice for purposes of ascertaining the value of net assets awarded husband? The judgment is, in that respect, ambiguous. The basis for the trial court's ruling in apportioning marital property and marital debts is not apparent.

This court may not speculate as to the grounds on which a trial court bases its ruling. *Main Street Feeds, Inc. v.*

---

**3.** Husband filed a motion to dismiss the appeal asserting wife's brief failed to comply with requirements of Rule 84.04(d). Wife subsequently filed a motion to amend the points relied on in her appellant's brief. This court previously denied those motions by separate order. Mindful that appellate courts generally do not choose to disregard defective points on appeal unless they impede dis-

position of a case on its merits, *see Bolz v. Hatfield,* 41 S.W.3d 566, 571 (Mo.App.2001), further discussion of issues asserted in the parties' respective motions and in husband's brief regarding points relied on in wife's brief is not warranted.

**4.** References to statutes are to RSMo 2000.

*Hall,* 975 S.W.2d · 227, 233–34 (Mo.App. 1998). The part of the judgment that distributes marital property and marital debts must, therefore, be reversed and the case remanded to permit the trial court to clarify its award. In the event the trial court intended a 50/50 split, but due to miscalculation failed to achieve it, the trial court may adjust the award by means of an order for payment of money to wife or otherwise as, in its discretion, it deems appropriate. If the trial court did not intend a 50/50 split, it may clarify the meaning of the language of its judgment with respect to the dental practice valuation. To that extent, Point I is granted.[5]

■■■ Wife's second point argues the trial court erred in denying her request for maintenance because the evidence was that wife had insufficient assets to meet her reasonable needs and could not support those needs through appropriate employment. Section 452.335.1 allows a trial court to award maintenance if (1) a spouse lacks sufficient property, including marital property apportioned in the dissolution judgment, to provide for his or her reasonable needs, and (2) the spouse is unable to support himself or herself through appropriate employment. "A trial court's determination of whether to award maintenance is discretionary." *Nelson v. Nelson,* 937 S.W.2d 753, 756 (Mo.App.1997). "[A]ppellate review is only to determine if that

discretion was abused." *In re Marriage of Lewis,* 808 S.W.2d 919, 924 (Mo.App.1991).

■■■ The trial court found both parties had "sufficient property including marital property proportioned to them to provide for their reasonable needs, or each party is otherwise able to support themselves through appropriate employment and that, therefore, neither party is entitled to maintenance." Although the trial court did not enter a finding as to wife's monthly income, it imputed $1,500 income per month to wife in its calculation of presumed child support. *See* Rule 88.01(b). This court presumes the trial court considered wife capable of earning that amount in its determination that wife was capable of providing for her own needs.[6] "[T]he court may impute income to a spouse according to what he or she could earn by use of his or her best efforts to gain employment suitable to his or her capabilities." *Schroeder v. Schroeder,* 924 S.W.2d 22, 27 (Mo.App.1996). The spouse's past and present earnings may be considered in making that determination. *Id.*

Wife has a college degree. She is trained as a physical therapist. She worked continuously for over twenty years, until 1998, in various capacities as a licensed physical therapist. In the last positions she held as a physical therapist, she earned from $30 to $45 per hour. The last full year she was employed as a physi-

---

**5.** In granting Point I this court does not disregard that distribution of marital property does not have to be equal to be equitable; that numerous unequal divisions of marital property with significant disparities in the values of the awards to a husband and wife have been upheld on appeal. *E.g., see Scott v. Scott,* 645 S.W.2d 193, 195· (Mo.App.1982); *Stamme v. Stamme,* 589 S.W.2d 50 (Mo.App. 1979); *Arp v. Arp,* 572 S.W.2d 232 (Mo.App. 1978); *In re Marriage of Burris,* 557 S.W.2d 917 (Mo.App.1977); *In re Marriage of Vanet,* 544 S.W.2d 236 (Mo.App.1976).

**6.** An appellate court may presume a trial court's finding with respect to earnings for purposes of child support was considered in ascertaining if maintenance should be ordered. *Monnig v. Monnig,* 53 S.W.3d 241, 247–49 (Mo.App.2001). "The principles relative to reduction and imputation of a spouse's income in child support cases are equally applicable in modification of maintenance cases." *Ramsey v. Ramsey,* 965 S.W.2d 365, 372 (Mo.App.1998).

cal therapist was 1997. She earned $31,283 that year. At the time of trial, wife was still licensed as a physical therapist. Wife was awarded net marital assets, i.e., marital assets less marital debts assigned to her, in the amount of $502,889.98. This court finds no abuse of discretion by the trial court's denial of wife's request for maintenance. Nevertheless, because this case is remanded for the trial court to review its allocation of marital property and marital debts, in the event a change is made in that part of the judgment or in the event the trial court ascertains relevant information it failed to consider previously, the trial court may, in its discretion, reconsider awarding maintenance to wife. Point II is, in all other respects, denied.

The judgment is reversed as to the marital property and marital debt apportionment. The case is remanded with directions to the trial court to take such action as is consistent with this opinion. Whether additional evidence is required is left to the sound discretion of the trial court. In all other respects, the judgment is affirmed.

PREWITT, P.J., concurs.

RAHMEYER, C.J., concurs in part and concurs in result in separate opinion.

NANCY STEFFEN RAHMEYER, Chief Judge.

I concur in the result concerning a reversal and remand to the trial court for further information. I do not concur in any finding that there was no abuse of discretion by the trial court's denial of wife's request for maintenance. I believe we are hindered on Point II by the same lack of information concerning the payment of the debts. Husband did not submit an income and expense statement at trial and, therefore, we are not able to ascertain his monthly income and expenses.