Rebecca Ann STANTON, Respondent,

v.

Rayburn Duane STANTON, Appellant.

No. 27394.

Missouri Court of Appeals,
Southern District,
Division One.

April 3, 2007.

Richard D. Bender, Springfield, for appellant.

No appearance for respondent.

JOHN E. PARRISH, Judge.

Rebecca Ann Stanton (wife) and Rayburn Duane Stanton (husband) were married in September 1980. The marriage was dissolved October 25, 2005. The trial court distributed marital property, ordered husband to pay wife maintenance in the amount of $1,200 per month, and ordered husband to pay wife's attorney fees and expenses in the amount of $10,479.67. Husband appeals the property division and the maintenance award. This court affirms in part, reverses in part, and remands.

■ Point I argues that the trial court erred in its distribution of marital property; "that it failed to consider husband's $86,000 contribution of non-marital [funds] to the acquisition of the marital residence and the extent of husband's misconduct found by the court is not supported by the evidence."

After the parties married, they acquired a tract of real estate from husband's parents. The property was conveyed to them by warranty deed dated November 5, 1983. They built a house on the property. Construction of the house began in 1984. Husband contributed $86,000, savings he had accumulated before the marriage, to the cost of construction of the house. It is this contribution by husband to which Point I is directed.

The trial court's findings with respect to the distribution of marital property include:

[T]he Court finds that [a gift of $5,000 to a stranger who appeared at the back of husband's residence] was a substantial dissipation of marital funds and waste that placed an unequal burden on the marital estate. The Court finds the total marital estate is $606,074[1] and in order that the wife receive at least one-half of the marital estate, the Court determines a money judgment would be justified of $169,167. However, the Court finds that it would be appropriate to increase the wife's marital portion by the amount of the wasted and squandered assets of the $5,000 that [husband] gave away. Therefore, the Court finds that a money judgment in the amount of $174,167 is the appropriate amount to award to [wife]. The Court has also considered that credible evidence that demonstrated that [husband], since March of 2002, was withdrawing cash and hiding the same in paint cans in his basement. The evidence supports that over $34,000 was secreted from [wife] in that manner. Two weeks prior to the trial $14,200 reappeared in a saving account the apparent source was his cache. [Husband's] overall conduct concerning money matters throughout the marriage merits an uneven distribution of the marital assets....

■ The trial court acknowledged the statutory factors for consideration in distributing marital property prescribed by § 452.330.1(1)-(4)[2] and stated it had considered those "and all other relevant fac-

---

1. This court's compilation of the values the trial court assigned to the marital assets it distributed totals $597,782.53. If the debt the trial court ordered husband to pay were add-

ed to that amount, the sum would be $606,074.91.

2. References to statutes are to RSMo 2000.

tors." It distributed marital property valued at approximately $134,000 to wife and marital property valued at approximately $464,000 to husband. Wife was awarded judgment against husband in the amount of $169,167 "in order that the wife receive at least one-half of the marital estate." The marital property distributed to wife included property valued at $15,300 that was awarded to wife on behalf of the parties' children.

In considering an allegation of trial court error with respect to division of marital property, the trial court's distribution of property will not be reversed unless the distribution is so unduly weighted in favor of one spouse that there was an abuse of discretion. *Robertson v. Robertson*, 3 S.W.3d 383, 384 (Mo.App.1999). "The fact that one party is awarded a higher percentage of marital assets does not *per se* constitute an abuse of the trial court's discretion." *Mellon v. Mellon*, 973 S.W.2d 570, 573 (Mo.App.1998). The division of marital property must be just although not necessarily equal. *Robertson, supra.*

*Kunkel v. Kunkel*, 84 S.W.3d 557, 560 (Mo. App.2002).

This court finds no abuse of discretion in the trial court's distribution of marital assets. At the time the parties separated, their marriage had endured some 23 years. As observed in *In re Marriage of Hash*, 838 S.W.2d 455, 460 (Mo.App.1992), "[t]he significance of the greater initial contribution of the Husband has dimmed with the passage of time." Point I is denied.

■ Point II contends that the trial court erred in awarding wife maintenance of $1,200 per month "because wife was not shown to be unable to support herself through employment and property set aside to her in that the court failed to consider income that would be earned by the $174,167 cash awarded to her in the judgment." An award of maintenance is appropriate if a spouse lacks sufficient property, including marital property apportioned in the dissolution judgment, to provide for his or her reasonable needs and is unable to support him or herself through appropriate employment. § 452.335.1.

"A trial court's determination of whether to award maintenance is discretionary." *Nelson v. Nelson*, 937 S.W.2d 753, 756 (Mo.App.1997). "[A]ppellate review is only to determine if that discretion was abused." *In re Marriage of Lewis*, 808 S.W.2d 919, 924 (Mo.App.1991). *Kunkel, supra*, at 561.

■ In awarding spousal maintenance, however, a trial court is required to consider investment income the spouse who is receiving the maintenance may receive from cash awarded as part of the distribution of marital property. *Drikow v. Drikow*, 803 S.W.2d 122, 127–28 (Mo.App. 1990). "Failure to consider the recipient spouse's reasonable expectation of income from investment of the marital property constitutes error." *Jung v. Jung*, 886 S.W.2d 737, 740 (Mo.App.1994).

The record does not reveal that the trial court considered wife's reasonable expectation of income from investment of the $174,167 awarded her. The award of maintenance is reversed. The case is remanded for the trial court to determine what portion of the award is available for investment, the income available from the investment, and the collectibility of the sum awarded to wife. In all other respects, the judgment is affirmed.

RAHMEYER, P.J., and SCOTT, J., concur.