**Rex Earl SHARRAI, Appellant,**

v.

**Kristi Lynn SHARRAI, Respondent.**

**No. WD 71279.**

Missouri Court of Appeals,
Western District.

Oct. 19, 2010.

Allen S. Russell, for Appellant.

Steve D. Burmeister, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge and CYNTHIA L. MARTIN, Judge.

JOSEPH M. ELLIS, Judge.

Rex Sharrai ("Husband") appeals from a judgment entered in the Circuit Court of Jackson County dissolving his marriage to Kristi Sharrai ("Wife").[1] Specifically, Husband challenges the trial court's award of maintenance to Wife and the division of marital assets. For the following reasons, the judgment is reversed, and the cause is remanded for further proceedings.

Husband and Wife married on June 26, 1982. During the entire course of the marriage, Husband was employed by the Burlington Northern Santa Fe Railroad. Wife ceased her employment with Kraft Foods seven years into the marriage. In 1999, the couple purchased a scuba diving business for $350,000. The upper floor of that business served as their residence. Wife worked full time in that business but received no wages for her work.

Husband and Wife separated on July 24, 2007, and Husband filed a petition for dissolution of the marriage the following day. On August 11, 2007, Wife filed an answer and counter-petition for dissolution of marriage in which she requested an award of maintenance.

Subsequently, in May 2009, Wife moved to Rogers, Arkansas, to be closer to her family, and she purchased a home. Despite applying for numerous jobs, the only employment Wife was able to obtain was a part-time job at a Lowe's Home Center from which her average monthly income was $979.90. Prior to trial, Wife was diagnosed with cancer and underwent two surgeries in February 2009 to remove a cancerous mass, lymph node, and surrounding tissue from her breast. She received radiation treatment through May 2009 and was told she might require chemotherapy treatment in the future.

The case was tried on April 23 and 24, 2009. On June 5, 2009, the trial court entered its judgment dissolving the marriage. The court divided the couple's marital property and ordered Husband to pay Wife $2,500.00 per month in modifiable maintenance. Husband brings three points on appeal.

 "As in any court-tried case, we must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Janes v. Janes*, 242 S.W.3d 744, 748 (Mo.App. W.D.2007) (internal quotation omitted). "We review the evidence and inferences in the light most favorable to the trial court's decision and disregard all contrary evidence and inferences." *Potts v. Potts*, 303 S.W.3d 177, 184 (Mo. App. W.D.2010) (internal quotation omitted). "Judging credibility and assigning weight to evidence and testimony are matters for the trial court, which is free to believe none, part, or all of the testimony of any witness." *Id.* (internal quotation omitted). "We presume that the trial court took into account all evidence and believed such testimony and evidence that is consistent with its judgment." *Id.* (internal quotation omitted). "The party challenging the dissolution judgment has the burden of demonstrating error." *Coff-*

---

1. Wife's maiden name of Kristi Plunk was restored in the trial court's judgment.

*man v. Coffman,* 300 S.W.3d 267, 270 (Mo. App. W.D.2009) (internal quotation omitted).

In his first point, Husband claims that the maintenance award to Wife was not supported by substantial evidence and was against the weight of the evidence because the trial court overstated Wife's monthly expenses, improperly found that Wife was incapable of supporting herself through appropriate employment, and failed to consider the significant marital property awarded to Wife.

 "A trial court may award maintenance to a spouse if it finds that the spouse: (1) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs; and (2) is unable to support herself through appropriate employment." *Id.* (citing § 452.335.1). "The spouse seeking maintenance has the burden of establishing these threshold requirements." *Donovan v. Donovan,* 191 S.W.3d 702, 705 (Mo. App. W.D.2006). "In determining whether to award maintenance, the trial court first determines the reasonable needs of the spouse seeking maintenance and then decides whether that spouse is able to meet those needs through the use of property or appropriate employment." *Coffman,* 300 S.W.3d at 270. " 'Reasonable needs' is the standard for determining the expenses properly allowable to a spouse seeking maintenance." *Comninellis v. Comninellis,* 147 S.W.3d 102, 106 (Mo.App. W.D. 2004).

 Husband first argues that amounts allegedly contained in Wife's income and expense statement submitted as an exhibit at trial were not supported by the evidence. Specifically, Husband claims that Wife improperly listed as an expense $500.00 on a line designated for rent or mortgage payment and that her listed expense of $410.00 for college tuition was improper because she was not currently enrolled in college and paying tuition as of the date of trial.

 Wife's testimony sufficiently supported a finding by the trial court that the challenged expenses were reasonable and legitimate. "In evaluating the merits of a party's claimed expenses, the trial court judges the credibility of witnesses and evaluates the merits of the expenses claimed." *Ross v. Ross,* 231 S.W.3d 877, 884 (Mo.App. S.D.2007) (internal quotation omitted). Wife testified that she had needed to borrow $12,500.00 from her parents to purchase her house and that the $500.00 per month reflected on her expense statement was a payment on that loan. The trial court found that this testimony was credible and that the monthly payment of $500.00 toward repayment of that loan was a reasonable expense.

As to the college tuition, Wife testified that she was going to pursue a college degree in nursing starting in the fall, unless her cancer treatment delayed those efforts. She said that she would attend a local community college for the first two years of her nursing education and then enrolling at the University of Arkansas for the final two years. For the purposes of her expense form, Wife totaled the tuition costs for all four years to determine the average monthly cost of her education over that period. Wife only included half of that monthly amount on her statement of expenses. While Husband argues that Wife's testimony regarding her intention to go to college is suspect because she was not yet enrolled, the trial court found Wife's testimony to be credible, and we defer to the credibility determinations of the trial court. *Potts,* 303 S.W.3d at 184. Moreover, Husband fails to make a coherent argument for why the methodology utilized by Wife and the trial court for determining the amount of the monthly expense for college tuition was improper.

■■ We next turn to Husband's claim that the trial court should have imputed a full-time income to Wife. Whether to impute income to a spouse when considering an award of maintenance rests within the discretion of the trial court. *Woodard v. Woodard,* 201 S.W.3d 557, 563 (Mo.App. E.D.2006). "The decision whether to impute income to a spouse in awarding maintenance depends upon the particular facts of each case." *Alberty v. Alberty,* 260 S.W.3d 856, 861 (Mo.App. W.D.2008).

In this case, the trial court found that Wife's part-time employment was appropriate in light of her medical problems, lack of education, and the current job market. Wife testified that she had previously tried to obtain full-time employment with her employer but had been unsuccessful. Furthermore, in light of Wife's intention to pursue a college degree and the condition of her health, the trial court could well have determined that it would be impractical for Wife to work full-time while taking a full load of college courses. Under the facts of this case, the trial court did not abuse its discretion in electing not to impute further employment income to Wife.

■ Husband's remaining argument is that the trial court erred in failing to consider the significant marital property awarded to Wife in determining that she lacked sufficient property to meet her reasonable needs. Husband was ordered to pay Wife $100,000.00 within ten days of the entry of judgment and an additional $178,273.00 within ninety days. As noted, *supra,* maintenance may only be awarded if a spouse "lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs." *Coffman,* 300 S.W.3d at 270. "Under Section 452.335, the court [is] obligated to consider [Wife]'s marital property award in determining her need for maintenance." *Voinescu v. Kinkade,* 270 S.W.3d 482, 489 (Mo.App. W.D.2008). Of necessity, then,

the decision to award maintenance cannot be made until after the division of marital property. *In re Marriage of Johnson,* 856 S.W.2d 921, 927 (Mo.App. S.D.1993). The spouse receiving maintenance "is not required to deplete his or her share of the marital property awarded in the dissolution proceedings before being entitled to maintenance." *Jung v. Jung,* 886 S.W.2d 737, 740 (Mo.App. E.D.1994). However, the income derived from the marital property must be considered by the trial court "in determining the necessity for, or amount of, maintenance." *Id.* Accordingly, the trial court abuses its discretion when it awards maintenance without taking into account income that can be derived from marital property set over to a spouse. *Voinescu,* 270 S.W.3d at 489.

■ In this case, Wife was the party seeking maintenance. In addition, Wife was asking the court to award the business to Husband and that she be awarded a lump sum cash offset in lieu of her ownership interest in the business. As the party seeking maintenance, it was incumbent upon Wife to prove that she lacked "sufficient property, including marital property apportioned to her, to provide for her reasonable needs" and that she was "unable to support herself through appropriate employment." *Donovan,* 191 S.W.3d at 705. As part of her burden, it was essential for Wife to present evidence regarding her income and her need for maintenance.

There is nothing in the judgment or the evidentiary record before us from which the trial court could determine the income to be derived from the marital property set over to Wife. Under these circumstances, the trial court could not have considered the cash assets awarded to Wife in the marital property division in assessing her need for maintenance. Moreover, the issue was brought to the court's attention in a timely manner. After the judgment

containing the award of maintenance was entered, Husband filed a Motion to Amend Judgment and Receive Additional Evidence or, in the Alternative, Motion for New Trial. That motion notes that the trial court had ordered Husband to pay a lump sum of $278,273.00 to Wife as part of the division of marital property and argues that the trial court erred in failing to make the necessary findings that Wife lacked sufficient property, including marital property awarded to her, to meet her reasonable needs. Husband argued that "the court failed to consider the substantial monetary assets set aside to [Wife] in the dissolution judgment entry." The motion was overruled.

While Wife correctly notes that a spouse is not required to deplete or consume his or her portion of the marital assets before being entitled to maintenance, the trial court is required to consider any income or interest that the spouse seeking maintenance will earn from their share of marital property. *Tarneja v. Tarneja,* 164 S.W.3d 555, 565 (Mo.App. S.D.2005). "This reflects the general principle that investment income must be considered, so that maintenance is not awarded for the purposes of building an estate or accumulation of capital." *Id.* (internal quotation omitted). Missouri appellate courts consistently hold that it is error when the trial court fails to consider the "reasonable expectation of income from investment of the marital property." *Jung,* 886 S.W.2d at 740; *see also Voinescu,* 270 S.W.3d at 489; *Tarneja,* 164 S.W.3d at 566; *Stanton v. Stanton,* 219 S.W.3d 267, 269 (Mo.App. S.D.2007); *Woodard v. Woodard,* 201 S.W.3d 557, 563 (Mo.App. E.D.2006); *In re Marriage of Johnson,* 856 S.W.2d at 927; *Kinder v. Kinder,* 777 S.W.2d 339, 342–43 (Mo.App. W.D.1989). In this case, the trial court abused its discretion in entering its maintenance award without taking into account any income or interest that Wife could

earn as a result of the equalization payment. *Voinescu,* 270 S.W.3d at 489.

Accordingly, the judgment must be reversed and remanded for further consideration of the maintenance award, taking into account the cash assets awarded to Wife in the marital property division. *Id.* Having reversed the maintenance award, we need not address Husband's claim in his second point that the trial court failed to properly balance Wife's reasonable needs against his ability to pay the award of maintenance.

In his final point, Husband contends that the trial court abused its discretion in dividing the marital property because no credible evidence supported the values adopted for certain property, the court did not properly credit him for debt payments made while the case was pending, and the court committed an obvious mathematical error in totaling the value of the property awarded to him.

Wife concedes the $1,920.00 mathematical error noted by Husband in the trial court's totaling of the value awarded to him. On remand, the trial court will be afforded the opportunity to consider what, if any, impact this miscalculation has on the division of marital property.

As to his claim that the values adopted were not supported by sufficient evidence, the trial court "enjoys broad discretion in valuing marital property." *Foster v. Foster,* 149 S.W.3d 575, 581 (Mo.App. W.D.2004). Wife testified as to the value of those items adopted by the trial court. Husband's argument on appeal is essentially that Wife's valuations were not competent or credible. It is well-settled that a spouse, as one of the owner's of a piece of marital property, is competent to testify as to its value in a dissolution proceeding. *Denton v. Denton,* 169 S.W.3d 604, 609 (Mo.App. S.D.2005). The trial court found Wife's evidence as to the value of the various pieces of property to be credible,

and we defer to the trial court's findings as to credibility.

■ Finally, Husband argues that the trial court should have credited him in some fashion for the mortgage payments that were made on the scuba business/residence from the time of the parties' separation until the date of trial and for other miscellaneous business expenses that were paid. While Husband testified that he had paid $17,400.00 in mortgage payments and $8,600.00 in other business expenses after Wife had moved out, the testimony does not reflect where the funds to make those payments derived from or that the income that he received from the business, and did not share with Wife, was insufficient to cover those costs. In addition, the trial court may well have taken into consideration the over 300 sales invoices missing from the business's records between the time Wife left for Arkansas and the date of trial.

For the foregoing reasons, the trial court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.