Emerson SUTTON, Plaintiff–Appellant,

v.

Jerome GOLDENBERG, Defendant–Respondent.

No. 62982.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 12, 1993.

Emerson Sutton, pro se.

Susman, Schermer, Rimmel & Shifrin, Cordel Siegel, Moser and Marsalek, P.C., John J. Horgan, Cheryl L. Eia, St. Louis, defendant-respondent.

PUDLOWSKI, Judge.

The issue before us, may an appeal be taken from the filing of a stipulation for dismissal with prejudice of the last two counts of an eight count petition without an order of the court? For the reasons hereinafter asserted we determine that the cause has no final judgment and we, therefore, have no jurisdiction to entertain an appeal.

We divine from the pro se appellant's brief that after Mercantile Bank foreclosed on appellant's property and sold it to respondent, appellant continued to assert that he was the rightful owner and continued collecting rents and evicting tenants. In an effort to curb appellant's actions, respondent contacted the circuit attorney's office and the police department which subsequently resulted in appellant's arrest. When appellant's then attorney advised the authorities that he and respondent were contesting the ownership of the building in bankruptcy court, all charges against appellant were dismissed and he was released from custody. Appellant then sued respondent for slander, malicious prosecution and false arrest arising from these incidents. Respondent counterclaimed for rents appellant collected after respondent purchased the building from the bank. Six counts of appellant's tort claims, as well as respondent's counterclaim for rent money, were resolved by verdict in a jury trial in December 1989. The jury was unable to dispose of the other two tort claims (Count VII and VIII). The court declared a mistrial on these two counts and ordered them for retrial. Appellant deposited funds into the court registry to cover the jury award on respondent's counterclaim for rent money appellant collected after respondent purchased the property. Prior to a second trial, the parties for consideration entered into a stipulation for voluntary dismissal with prejudice on these counts. A docket sheet revealed that the stipulation was filed on August 26, 1992. There is no evidence other than the clerk's recognition of the filing, that the court approved the stipulation and ordered a dismissal.

On October 20, 1992, appellant filed motions that this case be made final for the purpose of appeal and for a partial payout of funds from the court's registry account. The motions were argued on October 26, 1992. The trial court, believing that its jurisdiction over the case had already expired, rejected appellant's motion to make a final order, refused to modify the basis for the calculation for rent money due respondent and issued a payout order granting respondent $19,352.85 and appellant $668.55 of the $20,021.40 in the account. Appellant refused to accept the money the court put in his name, claiming the court lacked jurisdiction to pay out any of the funds in the account.

On November 2, 1992 appellant filed a notice of appeal based on alleged errors at trial and the payout order. Respondent motioned this court to dismiss for lack of jurisdiction claiming appellant filed his notice of appeal after the time for filing expired and, in addition, he never filed an 81.07(a) motion seeking permission to file late. Respondent claims that the stipulation was a final order in that when combined with the jury verdict and the directed verdict, it disposed of all the issues as to all the parties leaving nothing for further adjudication. *Pizzo v. Pizzo*, 365 Mo. 1224, 295 S.W.2d 377, 379 (1956).

The right to appeal is purely statutory. *Starnes v. Aetna Casualty and Surety Co.*, 503 S.W.2d 129, 130 (Mo.App.1973). Unless a statute confers the right, this court has no power to hear an appeal. Rule 81.01. Under § 512.020 RSMo 1986 and Rule 81.04(a) and 81.05(a), an appeal may be taken from any final judgment in the case. The finality of a judgment is a jurisdictional prerequisite to appellate jurisdiction. *Harris v. Union Elec. Co.*, 685 S.W.2d 607, 610 (Mo.App.E.D.1985). A judgment, order or decree of the trial court is final only when it disposes of all issues relating to all parties and leaves nothing for future determination. *Haugland v. Parsons*, 827 S.W.2d 285, 286 (Mo.App.E.D.1992).

Our courts have further stated, unless a party exercises its right under Rule 67.01 to dismiss prior to the introduction of evidence, *all dismissals require an order of court,* which is to be with prejudice unless the court states otherwise. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 450 (Mo. banc 1976); *J.L. Mason Group v. Dardene*

*Prairie,* 763 S.W.2d 727, 729 (Mo.App.1988); *First National Bank of Colorado Springs v. Mark IV Co.,* 591 S.W.2d 63, 68 (Mo.App. W.D.1979).

■ Obviously, the appellant did not fall under the purview of Rule 67.01. The agreed stipulation for dismissal with prejudice falls within the provisions of Rule 67.03. Such agreement must be approved by the trial court and then the action must be ordered dismissed. The requirement of a court order is not merely a clerical requirement; it serves to protect the parties interests by requiring judicial examination where a party relinquishes his or her right to trial.

Here there is no order disposing of the remaining two counts. Therefore we are without jurisdiction because all of the issues are not final.

### Appellant's Brief

■ We would be remiss if we did not suggest a word of caution to appellant in the event he should determine to appeal the final judgment. He must ensure that his brief reaches the standards required by the rules of this court. While perfection is not required, an appellant must have reasonably complied with the rules. *Thompson v. Thompson,* 786 S.W.2d 891, 892 (Mo.App. S.D.1990). The judgment rendered below is presumptively correct and an appellant carries the heavy burden of demonstrating that it is erroneous. *Id.* at 892. While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis,* 842 S.W.2d 163, 165 (Mo.App.E.D.1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

■ Review of appellant's brief reveals appellant spent a great deal of time researching cases and familiarizing himself with the rules of citation. Nevertheless parts of the brief are difficult to follow because they are confusing, jumbled and argumentative.

In addition to the multitude of cases, rules and statutes cited in appellant's motions, which continue to be submitted (contrary to our rules) to this date, appellant's brief cites ninety-nine cases, eight statutes, a law review article, thirteen Missouri Rules of Court, and two Missouri and three United States Constitutional Amendments. These sources are contained in string cites throughout appellant's brief. Repetition is not persuasive. In addition it is in violation of the rules.

Accordingly, we deny all motions and dismiss for lack of jurisdiction. Costs assessed to Appellant.

SIMON, P.J., and STEPHAN, J., concur.