In re the MARRIAGE OF Calvin
E. TAILLON and Marsha
Ann Taillon.

Calvin E. TAILLON, Petitioner–
Appellant,

v.

Marsha Ann TAILLON, Respondent–
Respondent.

Nos. 20792, 20796.

Missouri Court of Appeals,
Southern District,
Division One.

March 13, 1997.

Calvin E. Taillon, pro se.

Richard L. Schnake, Neale, Newman, Bradshaw & Freeman, Springfield, Matthew F. Trokey, Cantwell, Allman, Smith & Trokey, Branson, for respondent–respondent.

PER CURIAM.

Calvin E. Taillon (Husband) appeals from a decree entered in his dissolution of mar-

riage action against Marsha Ann Taillon (Wife).[1] Identification of the issues and resolution of this appeal are severely hindered by the contents of Husband's *pro se* brief and its failure to comply with the provisions of Missouri Supreme Court Rule 84.04.

■ Contrary to Rule 84.04(a) and (b), Husband's jurisdictional statement is not a "concise statement of the grounds" upon which jurisdiction of this court is invoked, and it does not contain sufficient factual data to demonstrate the provisions of Article V, Section 3 of the Constitution upon which jurisdiction is predicated. Instead, it merely states facts showing that the case arose within our territorial jurisdiction pursuant to § 477.060, RSMo 1994.

■ Rule 84.04(c) requires that the statement of facts be a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(h) also requires that all statements of fact shall have specific page references to the legal file or transcript. Here, Husband's "Case Facts Statement" is primarily a restatement of his points relied on consisting of conclusions and argument. What could be construed as "facts" are not supported by citation to the record, relevant facts are omitted, and some of the statements are foreign to the record. "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *In re Marriage of Lowe*, 860 S.W.2d 813, 815 (Mo.App. S.D.1993). Husband's brief fails to comply with Rules 84.04(c) and (h). *See State v. Muegge*, 842 S.W.2d 192, 195 (Mo. App. E.D.1992).

■ Husband's points relied on are likewise deficient. Rule 84.04(d) requires that the points relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." That Rule also prohibits setting out only "abstract statements of law." Husband's points relied

on would require considerable speculation to determine the exact nature of his complaint and "wherein and why" the trial court is alleged to have erred. Some of the points obviously are directed at Husband's dissatisfaction with his trial counsel, while others relate to matters which allegedly arose after the decree was entered in this case and which are outside the record before us. The points relied on are to identify the only issues for consideration on appeal. *Gordon v. Tri-State Motor Transit Co.*, 908 S.W.2d 849, 852 (Mo.App. S.D.1995). If the point is insufficient, nothing is preserved for appellate review. *Bentlage v. Springgate*, 793 S.W.2d 228, 231 (Mo.App. S.D.1990).

■ Rule 84.04(e) requires that the argument section of the brief substantially follow the order of the points relied on. The argument section of Husband's brief consists of 31 pages, but there is no identification of the particular points referred to, or when the discussion of one point ends and the next begins, until page 26, at which point there is an indication that the sixth point is the one being discussed. The first 26 pages of the argument section of Husband's brief, which are apparently intended to cover points one through five, contain the citation of only one statute and two cases, all on page four. Additionally, much of the argument section of the brief relates to complaints about the manner in which his trial lawyer represented him, concerns matters outside the record, and complains of matters which are not for appellate review. Husband even invites this court to go outside the record and review particular information in a local telephone directory.

We recognize that Husband appears here *pro se*. However, that fact does not entitle him to more indulgence than he would have received if he had been represented by counsel. *Mease v. McGuire*, 886 S.W.2d 654, 656 (Mo.App. S.D.1994). As the court said in *Sutton v. Goldenberg*, 862 S.W.2d 515 (Mo. App. E.D.1993):

While this court recognizes the problems faced by pro se litigants, we cannot relax

---

1. Two notices of appeal were filed in this case. The notice in Case No. 20792 was filed by Husband, *pro se.* The one in Case No. 20796 was filed by Husband's trial counsel. The cases, which involve the same decree, have been consolidated.

our standards for non lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Id.* at 517 (citation omitted).

A failure to substantially comply with the requirements of Rule 84.04 preserves nothing for appellate review. *Whalen v. College of the Ozarks, Inc.*, 851 S.W.2d 682, 683 (Mo. App. S.D.1993). Allegations of error not properly briefed "shall not be considered in any civil appeal...." Rule 84.13(a).

Wife has filed a motion to dismiss these appeals based on the Rule 84.04 violations. The motion has merit and is sustained. *See Hill v. St. John's Regional Health Ctr.*, 911 S.W.2d 305, 306 (Mo.App. S.D.1995). These appeals are dismissed.