In re the Marriage of THOMPSON:
Cindy Marie Thompson,
Petitioner–Appellant,

v.

Gary Lee Thompson, Respondent–
Respondent.

No. 23139.

Missouri Court of Appeals,
Southern District,
Division One.

May 12, 2000.

Motion for Rehearing or Transfer
Denied May 30, 2000.

Kenneth A. Seufert, Farmington, for Appellant.

Terry J. Flanagan, St. Louis, for Respondent.

KENNETH W. SHRUM, Judge.

Cindy Marie Thompson (Wife) appeals from a judgment dissolving her marriage to Gary Lee Thompson (Husband). Wife challenges the portions of the judgment that denied her requests for maintenance and attorney fees. We affirm.

### FACTS

The parties were married May 19, 1979. They separated July 23, 1996. Wife filed a petition for dissolution of their marriage on April 8, 1998. One child, Brandelyn, was born of the marriage. Her birth date is September 26, 1982.

Wife, born August 1, 1957, worked as a physician's receptionist and office assistant from June 1980 through February 1995. She quit that job in 1995 because of declining health and increased "work duties at home," i.e., family business and homemaker responsibilities.

Wife's health problems stem from neurological deficits. These were asymptomatic until the early 1990's when Wife first experienced problems. She obtained treatment, which included surgery in 1993. Initially, she improved following treatment and continued working. Later, however, her health again deteriorated to the point she quit working.

In 1996, Wife was again treated surgically. Also, in April 1996 she applied to the Social Security Administration (SSA) for disability benefits and that agency found her disabled under its standards. She received her first SSA check in December 1997. As of the trial date,[1] Wife was getting two SSA checks each month, one for $588 (her benefit) and another for $256 (Brandelyn's benefit).[2] Also, Wife was eligible for Medicare Part "A" (hospitalization benefits) and became eligible for Medicare Part "B" (physician care) in July 1999.

Husband is a truck driver and for most of his working years has owned and operated his own trucks. Although Husband owned five road tractor trucks, seven trailers, and a dump truck at the time of trial, he was only operating one tractor-trailer unit. He drove that truck himself. Most of his work involved hauling pallets, lumber, and steel products. Husband testified that much of his idle equipment was either damaged or worn to the point it needed repair.

Additional facts are given when required for discussion of Wife's points relied on.

## THE DECREE

The marital property awarded Husband (real and personal property) was valued at $232,912.79.[3] Husband was ordered to pay $37,570.32 in debts. The court awarded Wife tangible marital property valued at $6,480.20.[4] As further property division, the court entered judgment for Wife and against Husband for $102,000. The only marital debt assigned to Wife was a $3,700 credit card balance.

The court denied Wife's maintenance claim, saying: "[Wife] is not entitled to maintenance because her present income from the Social Security Administration and the award of marital property are sufficient to provide for her reasonable needs."

Custody of Brandelyn was awarded to Wife. The court imputed to Husband a "monthly gross income of $3,000" and set his child support obligation at $457 per month. However, the court reduced that obligation by ordering that Husband's monthly child support obligation be credited with the child's SSA benefit amount. Also, the court directed Husband to provide Brandelyn with a specified minimum medical insurance coverage. Wife's request for attorney fees was denied. This appeal followed.

## SCOPE OF REVIEW

Our review is governed by Rule 84.13(d) and the principles explained in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). *In*

---

1. This dissolution case was tried March 11, 1999.

2. The SSA benefit for Brandelyn will continue until she is age eighteen or graduates from high school.

3. The majority of Husband's award of marital property consisted of the marital home and shop building, both located on a ten-acre tract ($115,000) and farm equipment, motor vehicles, truck trailers, lawn and garden equipment, tools, supplies, and equipment used in the trucking business valued at $110,800.

4. The only tangible personal property awarded Wife having significant value was a 1986 Chevrolet Blazer ($3,000) and a 1975 Mark Twain ski boat and trailer ($1,500).

*re Marriage of Baker,* 986 S.W.2d 950, 953 (Mo.App.1999).[5] Thus, we must affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32[1].

## MAINTENANCE

■ Wife contends that the trial court erred in denying her spousal maintenance. She charges the trial court abused its discretion in this ruling because (1) she is totally disabled, (2) her "personal" income is only $588 per month, (3) her personal living expenses exceed her income, and (4) she was not awarded enough marital property to support herself. Moreover, she argues Husband can pay maintenance. In support, she points to evidence that he is an able-bodied and experienced truck driver and can earn a "gross" income of at least $3,000 per month. She also points out that Husband was awarded most of the marital property, including the trucking business.

■ Maintenance awards are governed by § 452.335, RSMo 1994. Under that statute, the threshold question in deciding if a spouse is entitled to maintenance is whether the party seeking maintenance can meet his or her reasonable needs through property or employment. *Nelson v. Nelson* 937 S.W.2d 753, 755[2] (Mo.App.1997). Denial of a request for maintenance will be sustained where evidence exists to support a finding the spouse requesting maintenance can meet his or her needs through appropriate employment or property. *Id.* at 755.

■ On the other hand, if substantial evidence establishes that the income and property of the party requesting maintenance are inadequate to satisfy his or her reasonable needs and that an award of maintenance is appropriate, then the court must consider the factors listed in § 452.335.2 and balance the reasonable needs of the spouse seeking maintenance with the other spouse's ability to pay. *Baker,* 986 S.W.2d at 955[3].

■ Here, Wife obviously could not meet her reasonable needs through employment—her health impairments precluded that—nor could she meet such needs with the award of marital tangible personal property.[6] Further, Wife is not required to use her marital property before being entitled to maintenance. *In re Marriage of Irions,* 988 S.W.2d 62, 68[4] (Mo.App.1999). Even so, the trial court rejected Wife's claim for maintenance. The court reasoned that her SSA benefit and her $102,000 money judgment against Husband were adequate to meet her reasonable needs.

Wife presented evidence that her personal living expenses were $1,634.80 per month; her monthly SSA benefit was $588 per month. Wife also submitted evidence that her total living expenses (including expenses for Brandelyn) were $2,189.80 per month; her SSA benefit and child support sums (including Father's court-ordered child support) were $1,090 per month. Based on these figures, Wife insists she is "entitled to an award of maintenance" of at least $763 per month. She argues that "[i]t was against the weight of the evidence and ... an abuse of discretion for the trial court not to award maintenance to [her]."

■ Within the confines of the law and the evidence, the trial court has broad discretion in awarding maintenance. *In Re The Marriage of Liljedahl,* 942 S.W.2d 919, 924[2] (Mo.App.1996). Consequently, we review for an abuse of discretion. "Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court

---

**5.** In *Marriage of Baker* our standard of review was according to Rule 73.01(c), the predecessor to Missouri Rules of Civil Procedure, 84.13(d) (2000).

**6.** The record does not reveal that either party had any significant nonmarital property.

and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *In Re Marriage of Vinson,* 839 S.W.2d 38, 43[5] (Mo. App.1992). However, "if reasonable people can differ about the propriety of the action taken by the trial court, it cannot be said the trial court abused its discretion." *Id.* An appellant has the burden of overcoming a strong presumption that a trial court's maintenance award is correct. *Crews v. Crews,* 949 S.W.2d 659, 667 (Mo. App.1997). We are not persuaded that Wife met her burden in this regard.

First, when dealing with maintenance issues, a trial court is not required to accept a party's statement of monthly expenses *in toto. In Re Marriage of Cope,* 805 S.W.2d 303, 308 (Mo.App.1991). This is true even when evidence of expenses is uncontradicted. *Johnson v. Gregg,* 807 S.W.2d 680, 685[3] (Mo.App. 1991). A trial court is "free to believe or disbelieve all, part or none of the testimony of any witness." *In re Marriage of Stephens,* 954 S.W.2d 672, 675 (Mo.App. 1997). Here, the trial court did not have to believe Wife's expense evidence was accurate.

Second, Wife's arguments ignore the $102,000 money judgment in her favor except to suggest that it is uncollectible. Her claim that the judgment might be uncollectible rings hollow. The judgment placed property with a net value of a $195,342.47 solely in Husband's name. Moreover, the trial court ordered that Husband's "certificate of title" property be titled anew, with Wife named first lien holder on each title. Thus, Wife has a lien

for her judgment on all vehicles awarded Husband and a judgment lien against the real estate. Also, the judgment prohibits Husband from selling or mortgaging any certificate of title property without Wife's consent. Under the circumstances, the trial court's implicit finding that Wife could realize investment income from the money judgment was supported by substantial evidence.

Third, reversal is not mandated because the trial court failed to make findings about (a) the amount of income that Wife might be expected to realize from the proceeds of the money judgment she was awarded and (b) the amount of her reasonable needs.[7] When this case was tried, the applicable court rules were 1999 Missouri Rules of Court. Rule 73.01(a)(3) permitted a party to request findings on controverted fact issues. No such request was made. Under those circumstances the rule provided, "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached."

It was appropriate for the trial court to consider, as it obviously did, that Wife would realize a modest return on the funds that would be available for her to invest. *See Nelson* at 756. As to Wife's reasonable needs, the record would support a finding that not all of Wife's claimed expenses had to be allowed. *See Crews,* 949 S.W.2d at 667. On this record, reasonable people could differ about the propriety of the trial court's denying Wife's maintenance request. We are not persuaded that Wife has met her burden of overcoming the strong presumption that the trial

---

7. A cursory reading of *In re Marriage of Chorum,* 959 S.W.2d 900 (Mo.App.1997), might suggest otherwise. In *Chorum,* the wife's share of the marital property was primarily a money judgment, specifically $111,099.69. The trial court denied Wife's request for spousal maintenance after finding "that her share of the marital property was sufficient to provide for her reasonable needs, and ... there was no medical, physical, or psychological reason why she could not work." *Id.* at 906. Upon appeal, the maintenance part of

the judgment was reversed and a new trial ordered on that issue because the trial court never found (a) whether the wife's estimate of expenses was appropriate, (b) what wife could earn if she worked full time, and (c) what level of investment income might be generated by the money judgment. We find *Chorum* distinguishable, however, as *Chorum* reveals nothing about the collectibility of the judgment there, whereas the record here supports the trial court's implicit finding that Wife's $102,000 judgment is collectible.

court's maintenance award was correct; accordingly, we cannot convict the trial court of error. *Id.* Point denied.[8]

## ATTORNEY FEES

■ Wife also complains that the trial court erred when it refused to order Husband to pay her attorney fees. She contends that "gross disparity in the parties' income and the distribution of property" compels a finding that the trial court manifestly abused its discretion when it rejected her request for an award of attorney fees. We disagree.

Section 452.355.1 authorizes an award of attorney fees in divorce cases "after considering all relevant factors including the financial resources of both parties." Consequently, Missouri courts consistently have held that financial resources of the parties are relevant considerations when dealing with a request for attorney fees in divorce cases. *Baker* 986 S.W.2d at 958.

■ Section 452.355.1 permits, but does not compel, a trial court to award attorney fees. *Id.* at 958[16]. "To require one party to pay the attorneys' fees of the other necessitates a showing of unusual circumstances justifying deviation from the normal rule that each party should bear his own litigation costs." *Echele v. Echele,* 782 S.W.2d 430, 441 (Mo.App.1989). Only on a showing that the trial court abused its broad discretion in ordering, or refusing to order, one party to a dissolution to pay the attorney fees of the other party, will an appellate court overturn the trial court order. *Baker,* 986 S.W.2d at 958[18]. To show an abuse of discretion by the trial

court in its attorney fee award, the complaining party has the burden to show that the order is " 'clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of deliberation.' " *Mistler v. Mistler,* 816 S.W.2d 241, 256[19] (Mo.App.1991) (quoting *Ederle v. Ederle,* 741 S.W.2d 883, 885 (Mo.App. 1987)).

Wife emphasizes her need for attorney fees, arguing that her only income source is her monthly SSA check of $588, her reasonable needs far exceed her income, and the division of marital property was grossly disparate. In advancing this argument, Wife apparently would have us accept her position that any judgment against Husband is "worthless" and will be "difficult, if not impossible, to collect." As explained earlier, Wife's complaint that the judgment is uncollectible is not supported by the record. We are not persuaded that the property division was "grossly disparate" due to an uncollectible judgment as Wife contends.

■ We also note that the financial state of a party seeking an attorney fee award is only one factor to consider. *Baker,* 986 S.W.2d at 958[20]. "Whether or not Wife can pay her attorney is not determinative." *Id.* at 958. Moreover, the fact that Husband's income exceeds Wife's, standing alone, does not compel an award of attorney fees. *See Nelson,* 937 S.W.2d at 757. Here, Husband faces debts of approximately $140,000 and a $201 monthly child support obligation. The only ap-

---

8. We have not ignored *Hosack v. Hosack,* 973 S.W.2d 863 (Mo.App.1998), *Van Skike v. Van Skike,* 858 S.W.2d 779 (Mo.App.1993), and *Wallace v. Wallace,* 839 S.W.2d 354 (Mo.App. 1992), cases cited by Wife in urging reversal. The *Wallace* and *Van Skike* courts not only reversed judgments that denied spousal maintenance, but also held that the evidence compelled a maintenance award and then set the maintenance amount. The *Wallace* and *Van Skike* cases are factually distinguishable, however, as the requesting spouse in each of these cases had no significant marital property

awarded to her. That is not the situation here. As to *Hosack,* the western district reversed an order denying maintenance, saying that "[t]he evidence could only support the conclusion that Ms. Hosack had insufficient funds to meet her reasonable needs, that Mr. Hosack had sufficient funds to assist her, and that the other factors set out in Section 452.335.2 are all either neutral or favor the award of maintenance." 973 S.W.2d at 873–74[15]. We do not find the evidence here as compelling as that in *Hosack.*

parent means Husband has to meet these obligations is his $3000 monthly gross income, the sale of property, borrowing money, or some combination of these options.

Considering Husband's various obligations, the available income and property, and the scope of the trial court's discretion in such matters, we do not find the denial of Wife's request for attorney fees so unreasonable and arbitrary as to shock one's sense of justice or suggest a lack of deliberation. We find no abuse of discretion in the trial court's refusal to order Husband to pay Wife's attorney fees. Point II is denied.

The judgment of the trial court is affirmed.

CROW, P.J., concurs.

PARRISH, J., concurs.