**Rosalyn PULLEN, Appellant,**

v.

**John PULLEN, Respondent.**

**No. 24284.**

Missouri Court of Appeals,
Southern District,
Division One.

April 9, 2002.

Application for Transfer to Supreme Court Denied May 1, 2002.

Application for Transfer Denied
June 25, 2002.

Rosalyn Pullen, Sikeston, pro se.

Briney Welborn, Briney & Welborn, Bloomfield, Attorney for Respondent.

KERRY L. MONTGOMERY, Judge.

Rosalyn Pullen (Petitioner) appeals from a decree dissolving her marriage to John Pullen (Respondent). The decree also divided the parties' marital and nonmarital property. Although not readily apparent from her brief, we believe Petitioner is attempting to claim that the trial court unfairly divided the marital property. We dismiss the appeal for lack of compliance with Rule 84.04.[1]

Petitioner appears *pro se.* "Nevertheless, she is held to the same standard with respect to the proceeding as a party represented by a licensed attorney." *Maroney v. Maroney,* 953 S.W.2d 644, 645 (Mo.App.1997). "While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for nonlawyers." *Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App.1993). "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id.*

Rule 84.04(c) provides that the statement of facts in an appellant's brief "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." An appellant has the duty to define the scope of the controversy by stating the facts fairly and concisely. *Chopin v. American Auto. Ass'n of Missouri,* 969 S.W.2d 248, 251 (Mo.App.1998). "The purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Haynes Family Corp. v. Dean Properties, Inc.,* 923 S.W.2d 465, 466–67 (Mo.App.1996).

---

1. Rule references are to Missouri Court Rules (2001), unless otherwise indicated.

Petitioner's statement of facts does not clearly and succinctly present the facts necessary to determine whether the trial court unfairly divided the marital property. Petitioner's one-page statement of facts makes no mention of how the trial court divided the marital property nor the value of marital property set aside to each party. A statement of facts containing practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c). *Mease v. McGuire*, 886 S.W.2d 654, 655 (Mo.App.1994). Failure to substantially comply with this rule preserves nothing for appellate review. *Riley v. Hartman*, 981 S.W.2d 159, 160 (Mo.App. 1998). Furthermore, Rule 84.04(i) requires that all statements of fact "shall have specific page references to the legal file or the transcript." Petitioner's statement of facts contains no page references to either the legal file or the transcript.

Petitioner's brief contains no point relied on as required by Rule 84.04(a)(4). Apparently in lieu of a point relied on Petitioner offers an "Issue Presented for Review." Petitioner's issue is "[w]hether the Circuit Court properly entered judgement in full incorporated all marital property/non-marital for appellee/Respondent and against the appellant/Petitioner, who does dispute the just division of marital property."

Obviously, Petitioner's "issue" fails to comply with Rule 84.04(d), which provides that a point relied on in an appellant's brief shall "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Petitioner's "issue" does not meet any of these requirements. "The requirements of Rule 84.04(d) are mandatory." *Simmons v. Lawrence County Jail*, 948 S.W.2d 242, 244 (Mo.App. 1997). If this Court attempts to interpret Petitioner's issue as stated, we will be forced to act as an advocate for Petitioner, which we cannot do. *Myrick v. Eastern Broadcasting, Inc.*, 970 S.W.2d 885, 886 (Mo.App.1998).

Petitioner's statement of facts and deficient point relied on cause her brief to fall far short of compliance with Rule 84.04. *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 555 (Mo.App.1997). Accordingly, we dismiss the appeal.

SHRUM, P.J., and BARNEY, C.J., concur.