William LANE and Mary R. Bower, and in behalf of two minor children, Plaintiffs–Appellants,

v.

Gordon ELLIOTT, and others, d/b/a Oakridge Properties, and specifically and others, Gordon Elliott, Glenda Elliott, Barbara Withers Majzoub and Hish Majzoub, Defendants–Respondents.

No. 25184.

Missouri Court of Appeals, Southern District, Division Two.

March 4, 2003.

Motion to Transfer to Supreme Court Denied
March 19, 2003.

William Lane, pro se.

Randy R. Cowherd, Jeffery W. Laney, Haden, Cowherd, Bullock & McGinnis, L.L.C., for respondents.

NANCY STEFFEN RAHMEYER, Chief Judge.

■ William Lane ("Appellant") and Mary R. Bower[1] appeal from the trial court's grant of summary judgment in favor of Gordon Elliott, Glenda Elliott, Barbara Withers Majzoub [sic][2] and Hish Majzoub doing business as Oakridge Properties (collectively, "Respondents") and dismissal of their second amended petition for "Injuries Suffered From Carbon Monoxide Exposure At Property Owned By Defendants." Respondents filed motions to dismiss the appeal and strike Appellant's reply brief. The motions are granted and the appeal is dismissed.

■ Both Appellant's brief and reply brief violate almost every requirement under Rule 84.04[3]. The briefs do not contain a table of cases, statutes and other authorities cited. Rule 84.04(a)(1). The briefs fail to contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c).

The argument sections of the briefs fail to comply with Rule 84.04(e). The argument sections fail to substantially follow the order of the points relied on or to restate the point relied on at the beginning of the argument discussing that point.

---

1. The notice of appeal was signed by both William Lane and Mary R. Bower, however, the initial brief was signed only by Mr. Lane, who is not an attorney and therefore, not able to file a brief on the behalf of Ms. Bower. Both Ms. Bower and Mr. Lane signed the reply brief; however, the reply brief was not filed until January 9, 2003. An appellant's brief must be filed within sixty days after the date on which the record on appeal is filed. Supreme Court Rule 84.05(a) (2002). The record on appeal was filed on October 16,

2002; therefore, the reply brief was filed well over sixty days from the date on which the record on appeal was filed. Ms. Bower's appeal is dismissed.

2. From what we can glean from the record, Respondent Barbara Withers Majzoub's name is actually Barbara J. Withers.

3. All rule references are to Supreme Court Rules (2002), unless otherwise indicated.

The argument section of the brief fails to state the applicable standard of review for each claim of error. With the exception of brief citations to Rule 74.04, the argument sections of both briefs fail to cite any Missouri law. The argument sections do not cite any case law or statutes to support the claims on appeal. The only law referred to in the briefs is a copy of the State of New York's statute regarding the warranty of habitability immediately following the statement of facts.

Appellant presents six points relied on. None of the points comply with Rule 84.04(d)(1), which requires that each point relied on:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'

None of the points relied on identify the trial court ruling or action being challenged, state the legal reasons for Appellant's claim of error in a comprehensible manner, or explain why any legal reason supports a claim of error in the context of this case. The briefs fail to cite authorities upon which Appellant principally relies after each point relied. Rule 84.04(d)(5).  We recognize that Appellant is appealing as a pro se litigant, however, pro se litigants are still bound by the same rules of procedure as attorneys. *Libber-*

*ton v. Phillips,* 995 S.W.2d 66, 67 (Mo.App. S.D.1999). "While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers." *Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App. E.D.1993). This refusal to relax the standards for an appeal for pro se litigants is not due to a lack of sympathy, but rather "it is necessitated by the requirements of judicial impartiality, judicial economy and fairness to all parties." *Id.*

"An appellant has the duty to define the scope of the controversy by stating the facts fairly and concisely." *Pullen v. Pullen,* 75 S.W.3d 838, 839 (Mo. App. S.D.2002). Points relied on that fail to comply with Rule 84.04(d) present nothing for review. *State ex rel. Div. of Child Support Enforcement v. Hinojos,* 993 S.W.2d 581, 583 (Mo.App. S.D.1999). An appellate court is justified in considering the points abandoned and dismissing the appeal when an appellant fails to cite relevant authority or explain why none exists. *Shiyr v. Pinckney,* 896 S.W.2d 69, 71 (Mo. App. S.D.1995). Compliance with Rule 84.04 is mandatory for the purpose of ensuring that appellate courts do not become advocates for the appellant by speculating facts and arguments that have not been made. *Myrick v. Eastern Broadcasting, Inc.,* 970 S.W.2d 885, 886 (Mo.App. S.D. 1998).

The appeal is dismissed.