**In re the MARRIAGE OF Thomas R. GARRISON and Amy D. Garrison.**

**Thomas R. Garrison, Petitioner–Respondent,**

v.

**Amy D. Garrison, Respondent–Appellant.**

**No. 26418.**

Missouri Court of Appeals,
Southern District,
Division One.

March 29, 2005.

Amy D. Garrison, Carl Junction, pro se.

John J. Podleski, Carthage, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

The Circuit Court of Jasper County, Missouri, entered a judgment dissolving the marriage of Amy Garrison ("Mother") and Thomas Garrison ("Father"). Father filed a motion to modify the judgment and Mother filed a counter-motion to modify. Mother later filed an amended counter-motion and a second amended counter-motion. The trial court then entered a judgment, which purported to modify the custodial schedule. Mother appeals pro se.

Pro se litigants must satisfy all of the relevant rules of procedure and this Court cannot hold a pro se litigant to a lower standard of performance than a litigant who is represented by counsel. *Speer v. K & B Leather Co.,* 150 S.W.3d 387, 388 (Mo.App. S.D.2004). We explained the justification for this rule in *Lane v. Elliott,* 102 S.W.3d 53 (Mo.App. S.D.2003):

We recognize that Appellant is appealing as a pro se litigant, however, pro se litigants are still bound by the same rules of procedure as attorneys. 'While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers.' This refusal to relax the standards for an appeal for pro se litigants is not due to a lack of sympathy, but rather 'it is necessitated by the requirements of judicial impartiality, judicial economy and fairness to all parties.'

*Lane,* 102 S.W.3d at 55 (*quoting Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App. E.D.1993)).

A review of Mother's brief shows a total failure to present a discernible claim for relief. First, her brief does not contain a clear jurisdictional statement or a clear statement of the standard of review. *See* Rule 84.04(b); 84.04(e).[1] Inexplicably, mother claims jurisdiction based on a federal statute. Second, and more importantly, the statement of facts consists of only one sentence: "The district court modified custody of children Jessica and Brooke without proof or evidence of a substantial or continuing change in mother's or children's home, life, or school." This sentence is not "a fair and concise statement of the facts relevant to the question presented for determination without argument." Rule 84.04(c). The statement does not contain any facts supporting or contradicting what appears to be her argument.

Mother's point relied on is equally defective:

The trial court erred in modifying Joint Legal Custody to give father (appellee) primary Residence because there was no substantial or continuing change in mother's or children's home, Lifestyle,

or education that would constitute harm or neglect of the children, in that, it would not Be in the best interests of the children to take more time away from one parent and give to the Other.

■ Although her point relied on does identify the ruling that she is challenging, and it seems to allude to legal reasons for reversible error, it fails to explain how, in the context of this case, those legal reasons support her claim of reversible error. *See* Rule 84.04(d). "[I]t is not enough for a point relied on to simply state that the trial court was wrong without alluding to some evidence or testimony that gives support to such a conclusion." *Petersen v. Cook,* 92 S.W.3d 831, 834 (Mo.App. S.D. 2003). The purpose of this rule is to give appropriate notice to the opposing party of the precise matters in contention and to inform the appellate court of the issues presented for review. *Harrison v. Woods Super Mkts., Inc.,* 115 S.W.3d 384, 387 (Mo.App. S.D.2003). This deficiency is particularly egregious here because Mother's statement of facts did not include any facts to assist the Court.

■ Next, Mother's brief failed to cite authorities upon which she principally relied after each point relied on. Rule 84.04(d)(5). This Court is justified in considering the points abandoned and dismissing the appeal when an appellant fails to cite relevant authority or explain why none exists. *Lane,* 102 S.W.3d at 55. Finally, Mother's argument itself provides no guidance to the Court. Her one-page argument cites only two propositions of law regarding the modification of custody. She gives absolutely no facts or analysis to support her abstract principles of law.

■ If these were merely procedural defects or any one of these procedural defects stood alone, we might be hesitant

1. All rule references are to Supreme Court Rules (2004), unless otherwise stated.

to dismiss this appeal; however, we find that Mother's brief fails to substantively comply with Rule 84.04. This Court cannot make up Mother's argument without the benefit of any facts to support the principles of law anywhere in her brief. Because Mother's brief does not sufficiently support her claim of error, an examination of her claim would require this Court to comb the record to find evidence to support the merits of her appeal. *Arenson v. Arenson*, 787 S.W.2d 845, 846 (Mo. App. E.D.1990). This Court is not authorized to advocate for Mother on appeal by effectively rewriting her brief, and we have no choice but to dismiss her appeal. *Harrison*, 115 S.W.3d at 387; *Pullen v. Pullen*, 75 S.W.3d 838, 840 (Mo.App. S.D.2002).

The appeal is dismissed.

GARRISON, P.J., and PREWITT, J., concur.