In re the MARRIAGE OF George A. KOCH and Christine M. Koch,

George A. Koch, Petitioner–
Respondent,

v.

Christine M. Koch, Respondent–
Appellant.

Nos. 26754, 26904.

Missouri Court of Appeals,
Southern District,
Division Two.

March 14, 2006.

Paul Graham, Carson & Coil, P.C., Jefferson City, for Appellant.

John E. Curran, Curran & Sickal, Osage Beach, for respondent.

PHILLIP R. GARRISON, Judge.

Christine A. Koch ("Wife") appeals from the amended judgment dissolving her marriage to George A. Koch ("Husband"), contending that the trial court erred in denying her maintenance and making its order non-modifiable; and in awarding her only a portion of her attorney fees. We affirm.

Husband and Wife were married, while Husband was in medical school, on April 3, 1993, in Jasper County, Missouri. Two children were born of the marriage, one in 1995, and one in 2001. Prior to the marriage, Husband had applied for and received various student loans so that he could attend medical school. These funds, coupled with Wife's work outside of the home, prior to the birth of their first child, provided their living expenses until Husband began his medical practice in 2002. Upon Husband's graduation from medical school in 1997, the parties moved to Columbia, Missouri, so that Husband could complete his residency and post-graduate fellowship with University of Missouri Columbia. Husband and Wife separated for the first time in June 2000, for approximately eleven months during which time Wife was employed by a graphic arts company, earning $8 per hour. The parties reunited in June 2001. In March 2002, Husband began work as an independent physician at Lake Regional Hospital in Osage Beach, Missouri. In November 2003, Husband and Wife again separated.

Husband filed a petition for dissolution of marriage, and Wife subsequently filed her answer and cross-petition. After a two-day hearing, the trial court entered its judgment and decree of dissolution of marriage. Husband subsequently filed a motion for new trial, or in the alternative for an amended judgment. The trial court entered its amended judgment and decree of dissolution of marriage. Wife now appeals.[1]

1. Husband filed a motion to dismiss Wife's appeal contending that Wife failed to appeal a final judgment because her notice of appeal and her brief to this court referenced the

Wife raises two points on this appeal. In Point I, she argues that the trial court abused its discretion in failing to award her maintenance and in making its order non-modifiable, and in Point II, she alleges that the trial court abused its discretion in awarding her only a portion of her attorney's fees.

■ At the outset we note that throughout Wife's brief, she fails to provide citations to any precedents supporting her assertions, and does not provide an explanation for those absences. As the appellant in this case, Wife is obligated to cite "appropriate and available precedent, and if none is available, an explanation should be made of its absence." *Buchholz v. Buchholz,* 166 S.W.3d 146, 160 (Mo.App. S.D.2005). We are justified in considering an appellant's point relied on abandoned when she fails to cite relevant authority or explain why none exists. *In re Marriage of Garrison,* 158 S.W.3d 336, 338 (Mo.App. S.D.2005); *see also Boyd v. Boyd,* 134 S.W.3d 820, 825 (Mo.App. W.D.2004). Furthermore, Wife's argument sections should "show how the principles of law and the facts of the case interact." *Boyd,* 134 S.W.3d at 824 (quoting *Jenkins v. Manpower on Site at Proctor and Gamble,* 106 S.W.3d 620, 624 (Mo.App. W.D.2003)).

■ In Point I, Wife argues that the trial court erred in denying her motion for maintenance in that there was compelling evidence that Wife required maintenance at the time of trial and that Husband could pay maintenance. She also alleges the trial court erred by making its denial of maintenance non-modifiable in that Wife's future income and Husband's ability to pay maintenance in the future was speculative. We disagree as to both issues.

We first note that Wife has failed to cite or explain the absence of any relevant authority in connection with her argument that she should have been awarded maintenance. Accordingly, as discussed above, we would be justified in finding the issue abandoned. However, in accordance with our policy of ruling on the merits where possible, as opposed to dismissing for briefing deficiencies, we consider Wife's argument. *See Boyd,* 134 S.W.3d at 824.

■ We review the trial court's denial of maintenance to Wife for abuse of discretion. *Barton v. Barton,* 157 S.W.3d 762, 765 (Mo.App. E.D.2005). The trial court's decision will be upheld unless it is not supported by the evidence, is against the weight of the evidence or erroneously declares or applies the law. *Id.; see also In re Marriage of Thompson,* 24 S.W.3d 751, 753 (Mo.App. S.D.2000). On the other hand, if the evidence suggests that the party seeking maintenance can not meet her reasonable needs and that maintenance is appropriate, then we "must consider the factors enumerated in Section 452.335.2 ... and balance the reasonable needs of the spouse seeking maintenance with the other spouse's ability to pay." [2] *Linton v. Linton,* 117 S.W.3d 198, 205

original judgment entered on November 18, 2004, as opposed to the amended judgment entered on March 17, 2005. On September 22, 2005, Wife filed a motion for leave to file a notice of appeal out of time. Rule 81.07 permits a special order allowing a late filing of a notice of appeal so long as the motion to do so is within six months of the final judgment and a showing is made that the delay was not due to appellant's culpable negligence. Pursuant to Rule 81.05, the amended judgment did not become final until April 17, 2005, and as such Wife's motion is in compliance with Rule 81.07. Accordingly, Wife's motion is sustained and Husband's motion to dismiss is denied. All references to rules are to Missouri Rules of Civil Procedure (2005) unless otherwise indicated.

2. All references to statutes are to RSMo (2000) unless otherwise indicated.

(Mo.App. S.D.2003) (quoting *Myers v. Myers,* 47 S.W.3d 403, 409 (Mo.App. S.D. 2001)).

Maintenance awards are governed by Section 452.335.1, which states in pertinent part:

> [T]he court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance:
>
> (1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
>
> (2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.[3]

▆▆▆ The threshold question under this statute is whether the spouse seeking maintenance can meet his or her reasonable needs with property or through employment. *Thompson,* 24 S.W.3d at 754. As such, a denial of maintenance will be affirmed on appeal when evidence exists that the party seeking the award can support herself with property or through employment. *Id.* The spouse seeking maintenance has the burden to establish that her reasonable needs cannot be met. *Barton,* 157 S.W.3d at 766.

Although the thrust of Wife's argument centers upon Husband's ability to pay maintenance, we do not reach that issue as we agree with the trial court that Wife has failed to satisfy the first prong of the maintenance test; she did not establish that she could not meet her reasonable needs. Wife's testimony supports the trial court's finding that she has the ability to earn between $10 and $12 per hour. In

this appeal however, Wife argues that her earning power is approximately $8 per hour and not the $10 to $12 per hour that the trial court attributed to her. She testified that her monthly needs range from $6,000 to $7,000 per month.

The only evidence of what expenses constitute that estimate is found in Wife's income and expense statement ("the statement"). The trial court does not address the statement, but it appears that she estimates that her total monthly expenses would total $7,657. However, a number of the items included in the statement were disposed of by the trial court in the dissolution decree. Wife includes $1,812 for expenses regarding the parties' two children. However, the children's expenses were provided for in the court's order that Husband pay $2,302 per month in child support. Wife included $400 per month for health insurance, which the trial court provided for by ordering Husband to pay the children's health insurance. Wife also included $2,440 for the mortgage payment, real estate taxes and maintenance on the marital home, however, the trial court awarded the home and its mortgage to Husband. Finally, Wife included $285 per month for the loan payment on the Chevy Avalanche which was awarded to Husband. In addition, Wife included $798 per month for the expenses of her child from a previous relationship. By our calculation these alleged expenses make up $5,735 of the $6,000 to $7,000 in monthly expenses Wife claimed in her testimony. As such, the record supports the trial court's disregard of Wife's statement.

The evidence also supports the trial court's finding that Wife has the ability to earn between $10 and $12 per hour. Wife testified that during their first separation

---

**3.** Wife makes no argument that she is the custodian of a child whose condition or circumstances make it appropriate that she should not be required to work outside the home.

she obtained work for $8 per hour and that after their latest separation, she started a decorative painting business in which she expected to earn between $2,000 and $4,000 per month. This evidence, together with Wife's failure to provide the trial court with credible evidence of her needs, supports the trial courts finding that Wife had the ability to meet her reasonable needs through employment.

■ Wife also argues that the trial court erred in making its denial of maintenance order non-modifiable. In this regard, she states that "the trial court simply could not find that she was capable of meeting her needs then [presumably at the time of dissolution] or at a definite point in the future," because her needs "stood at $6,000[ ] to $7,000[ ] per month and her actual income ability stood at $8[ ] per hour." She relies upon *In re Marriage of Honeycutt*, for the proposition that courts should not speculate that a wife's income will meet her living expenses or that a husband's income will no longer be sufficient to provide for his own needs while providing maintenance. 649 S.W.2d 502, 504 (Mo.App. S.D.1983).

It should be noted at this point that the trial court did not speculate on Wife's needs. As discussed above, there was sufficient evidence to support the court's finding that Wife was capable of earning between $10 and $12 per hour and that her claim of $6,000 to $7,000 per month in expenses was not credible. Nevertheless, *Honeycutt* does nothing to aid Wife's argument. In that case the trial court awarded

maintenance and here the trial court denied Wife maintenance.[4]

Wife cites no case which stands for the proposition that a denial of maintenance cannot be non-modifiable. Nor does Wife direct us to any authority suggesting that a party who has been denied maintenance at dissolution may later claim that she is unable to meet her needs and that her former spouse should be made to pay maintenance. Accordingly, Point I is denied.

■■ In Point II, Wife argues that the trial court abused its discretion in only awarding her $2,500 in attorney's fees. We review the trial court's award of attorney's fees for abuse of discretion. *In re Marriage of Thompson*, 24 S.W.3d at 756. In order to show an abuse of discretion, the party challenging the trial court's award must "show that the order is 'clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of deliberation.'" *Id.* (quoting *Mistler v. Mistler*, 816 S.W.2d 241, 256 (Mo. App. S.D.1991)).

Wife does not cite to a single case outside her rendition of the standard of review. She spends the entirety of her argument alleging that Husband was responsible for the trial taking two days and that he, as opposed to her, had the means to pay her attorney's fees. She points us to no precedent, nor does she explain its absence, which holds that under those circumstances the trial court abused its discretion in failing to award a greater amount of attorney's fees.

---

**4.** In *Honeycutt*, the husband argued that the maintenance award should have been limited to a definite period of time. *Id.* (wife was attending college and husband argued that maintenance should terminate one month after she graduated). In denying husband's contention, we stated that the court was correct in declining to speculate on what wife's income in the future would be and that such an inquiry is best left to a proceeding for modification of maintenance. *Id.*

As noted above, it is Wife's obligation to either cite relevant authority or explain its absence. *Buchholz*, 166 S.W.3d at 160. The argument section of an appellate brief should illustrate how the law intersects with the facts presented. *Boyd*, 134 S.W.3d at 824. The complete absence of legal principles in an argument section justifies considering Wife's point abandoned. *See In re Marriage of Garrison*, 158 S.W.3d at 338. Accordingly, Point II is denied.

The judgment is affirmed.

BATES, C.J., and SHRUM, P.J., concur.