**Roger LANHAM, Petitioner–Appellant,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Respondent–Respondent.**

**No. 28320.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 6, 2007.

---

4. The felony classification indicates the charge was under section 565.073.

Pro Se, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Andrew W. Hassell, Assistant Attorney General, for Respondent.

PHILLIP R. GARRISON, Judge.

Roger Lanham ("Plaintiff") appeals the trial court's granting of a motion for judg-

ment on the pleadings in favor of the Missouri Department of Corrections ("DOC"). For the reasons discussed infra we affirm.

Plaintiff, serving a seventeen-year sentence for second-degree murder and a concurrent five-year sentence for second-degree assault, filed a petition for declaratory judgment against DOC,[1] in the Circuit Court of Texas County, contending that it was illegally applying Section 558.011.4(1).[2] That section reads:

> 4. (1) A sentence of imprisonment for a term of years for felonies other than dangerous felonies as defined in section 556.061, RSMo, and other than sentences of imprisonment which involve the individual's fourth or subsequent remand to the department of corrections shall consist of a prison term and a conditional release term. The conditional release term of any term imposed under section 557.036, RSMo, shall be:
> (a) One-third for terms of nine years or less;
> (b) Three years for terms between nine and fifteen years;
> (c) Five years for terms more than fifteen years; and the prison term shall be the remainder of such term. The prison term may be extended by the board of probation and parole pursuant to subsection 5 of this section.

Section 558.011.4(1)(a)-(c). Although not cited by Plaintiff, other portions of Section 558.011 are pertinent to this case. They are:

> 4. (2)"Conditional release" means the conditional discharge of an offender by the board of probation and parole, subject to conditions of release that the board deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the state board of probation and parole. The conditions of release shall include avoidance by the offender of any other crime, federal or state, and other conditions that the board in its discretion deems reasonably necessary to assist the releasee in avoiding further violation of the law.
> 5. The date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole. The director of any division of the department of corrections except the board of probation and parole may file with the board of probation and parole a petition to extend the conditional release date when an offender fails to follow the rules and regulations of the division or commits an act in violation of such rules. . . . If the violation occurs in close proximity to the conditional release date, the conditional release may be held for a maximum of fifteen working days to permit necessary time for the division director to file a petition for an extension with the board and for the board to conduct a hearing, provided some affirmative manifestation of an intent to extend the conditional release has occurred prior to the conditional release date[.]

In his petition, which was in the form of a brief rather than a pleading, Plaintiff argues:

> Here the obvious legislative intent behind Section 558.011.4 is for a person that has been convicted of a crime under the Revised Statutes of Missouri and

---

1. No issue is raised concerning the naming of DOC as a party. *See Talley v. Missouri Dept. of Corrections,* 210 S.W.3d 212, 214 (Mo.App. W.D.2006).

2. All references to statutes are to RSMo (2000) unless otherwise indicated.

sentenced under Section 558.011 R.S.Mo. that person be placed on conditional release, and if that person then violates the conditions of his release he will be required to serve the remainder of the sentence imposed by the Court, unless at some time before the sentence ends the Board of Probation and Parole determines he can abide by the laws and conditions of the State and then by it's discretion it may release the offender back into society....

Petitioner understands this section of R.S.Mo. has never been read to mean a person will be released before he has been incarcerated for a period of time. This is clearly a misinterpretation of section 558.011.4 R.S.Mo.1980 to present as you can only read the words of the statute and apply the meaning the legislator intended when it wrote the law.... Therefore the Conditional release term comes before the prison term and the convicted and sentenced person will be placed on the term of conditional release and if that term is violated then he will be required to serve the remainder of the sentence.

Plaintiff's petition did not allege how he was aggrieved or how DOC was alleged to be violating the statute in his case.

DOC filed a motion for judgment on the pleadings in which it contended that Section 558.011 does not give an inmate a right to a conditional release; that under Section 558.011.4(2) a "conditional release" is "the conditional discharge of an offender," and under Plaintiff's theory an inmate with a thirty-year sentence for murder in the second-degree would be conditionally released, or put on the equivalent of parole, immediately after trial without regard to his dangerousness or suitability for probation. DOC also argued that Section 558.011.5 provides that the Board of Probation and Parole may extend the condi-

tional release date up to the expiration of sentence because an inmate did not follow the rules of DOC, and that provision would be meaningless if an inmate served his conditional release term first because DOC would have no knowledge of the inmate and no reason to ask that conditional release be altered for that inmate. Finally, DOC pointed out that Section 558.011.5 allows the Board of Probation and Parole to withhold release for fifteen days if the violation occurs in close proximity to the release date, a provision that necessarily assumes that an inmate is confined at the time the release date may be extended.

The trial court sustained DOC's motion and entered judgment for it, finding that Section 558.011.4 requires that Plaintiff serve his prison term before his conditional release term, and accordingly, his claim fails as a matter of law. This appeal followed.

 In reviewing a judgment entered pursuant to a motion for judgment on the pleadings, we review the allegations of the petition to determine whether the facts pleaded therein are insufficient as a matter of law. *State ex rel. Nixon v. American Tobacco Co., Inc.*, 34 S.W.3d 122, 134 (Mo. banc 2000). The moving party admits, for the purposes of the motion, the truth of well-pleaded facts in the opposing party's pleadings. *Id.* A motion for judgment on the pleadings is properly granted if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law. *Id.* The requirements to state a claim for a declaratory judgment were described in *Missouri Dep't of Social Services v. Agi–Bloomfield Convalescent Center, Inc.*, 682 S.W.2d 166, 168 (Mo.App. W.D.1984), as follows:

One, facts must be alleged showing a subsisting justiciable controversy between the parties admitting of specific relief by way of a decree of a conclusive

character, as opposed to a mere advisory decree upon a hypothetical state of facts. Two, facts must be alleged showing that the party or parties seeking declaratory relief have a "legally protectable interest at stake." Three, facts must be alleged showing that the question or subject posed for declaratory relief is appropriate and ripe for judicial resolution. (internal citations omitted).

Plaintiff's appeal is not well taken for several reasons. Appearing pro se, he raises three points in this appeal. They are:

### Point One

The petition court erred to [Plaintiff's] prejudice by failing to apply Section 558.011.4 RSMO. as the legislature wrote it. Had the petition court applied the law as it was written the petition court would have been required to order [DOC] to adhere to Section 558.011.4 RSMO. and release [Plaintiff]. This court's review is de novo.

### Point Two

The petition court erred to the prejudice of [Plaintiff] by entering judgment in favor of [DOC] on [DOC's] motion for judgment on the pleading; because had the petition court applied Section 558.011.4 RSMO. the way it is written and not engrafted upon the statue [sic] a meaning that is not within the plain words used. The petition court would have been required to enter judgment in favor of [Plaintiff]. This court's review is de novo.

### Point Three

The petition court erred to the prejudice of [Plaintiff] when it violated the plain and ordinary meaning of Section 558.011.4 RSMO. and read into that statute a meaning the legislature did not

place into the statute, by invoking the rule of statutory construction the petition court caused Section 558.011.4 RSMO. to mean [sic] the opposite of the words used by the legislature, thereby violating the rules of statutory construction to the [Plaintiff's] prejudice, had the petition court applied the words used by the legislature the court would have been require [sic] to enter judgment in favor of Appellant. This court's review is de novo.

Rule 84.04(d) requires that in appeals for review of decisions of the trial court, points relied on shall: "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." It goes on to provide:

> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Rule 84.04(d)(1). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. American Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo. App. W.D.2004). "Insufficient points relied on preserve nothing for appellate review and constitute grounds for dismissal." *Midwest Arbitration and Mediation, Inc. v. Condry*, 17 S.W.3d 147, 149 (Mo.App. S.D.2000). Further, a litigant appearing pro se is bound by the same rules of procedure as attorneys. *Lane v. Elliott*,

102 S.W.3d 53, 55 (Mo.App. S.D.2003). While we recognize the problems faced by pro se litigants, we cannot relax our standards for non lawyers because of the requirements of judicial impartiality, judicial economy and fairness to all parties. *Id.*

■ Plaintiff's points one and three fail to identify the trial court ruling that he challenges; fail to state the legal reasons he claims the trial court was required to "release [him];" and fail to explain in summary fashion why, in the context of the case, legal reasons support his claim. Point two identifies the ruling complained of, i.e., entering judgment for DOC on its motion for judgment on the pleadings, but wholly fails to state "concisely" the legal reasons for the claim of reversible error and why, in the context of the case, those reasons support his claim. In points two and three, Plaintiff complains about the entry of judgment based on DOC's motion, and he also contends that the trial court would have been required to enter judgment for him without stating concisely the legal reasons why the trial court would have been required to enter a judgment for him in response to DOC's motion for judgment on the pleadings, or why in the context of the case, any such reasons support that claim.

■ These briefing errors, alone, would be a basis to deny Plaintiff relief on this appeal. However, his contentions are not well taken for other reasons as well. The basic tenant of Plaintiff's appeal is that by reason of Section 558.011.4, he is entitled to a conditional release before serving his prison term. *Elliott v. Carnahan,* 916 S.W.2d 239 (Mo.App. W.D.1995), is contrary to that contention. There, the court acknowledged that while a prisoner has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence, a protected liberty interest may be created by the language used in statutes or regulations which is explicitly mandatory or contains specific substantive predicates. *Id.* at 241. With reference to Section 558.011.4, relied on by Plaintiff in the instant case, the *Elliott* court said:

> Subsection 4 of the statute that is under scrutiny would, read in isolation, create such an interest. However, subsection 4 is merely a part of the larger statutory scheme, which allows the board discretion as to the date of release based upon the conduct of the prisoner.

*Id.* at 241–42. "Subsection 5 of Section 558.011 makes it clear that the release dates calculated under subsection 4 are not automatic." *Id.* at 241.

In *Missouri Inmates v. Missouri Dept. of Corrections,* 47 S.W.3d 366 (Mo. banc 2001), the plaintiffs, in a declaratory judgment action, contended that they were entitled to a conditional release as part of their sentences. The trial court's action in dismissing the petition for failure to state a claim was affirmed with the court noting that the petition stated virtually no facts with respect to specific sentences imposed and saying:

> There is no error of law. An opinion would have no precedential value in light of the petition's lack of factual pleadings and *Elliott v. Carnahan* [.]

*Id.*

For these reasons, the trial court's ruling was not erroneous. The judgment is affirmed.

LYNCH, C.J., and BARNEY, P.J., concur.